Dan THOMAS, Appellant,

v.

**WICHITA GENERAL HOSPITAL,**
Appellee.

No. 2–96–294–CV.

Court of Appeals of Texas,
Fort Worth.

Sept. 11, 1997.

Rehearing Overruled Oct. 23, 1997.

Dan Thomas, Livingston, pro se.

Roger Lee, Gibson and Hotchkiss, Wichita Falls, for appellee.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

CAYCE, Chief Justice.

Dan Thomas, an inmate at the James V. Allred Unit of the Texas Department of Criminal Justice, appeals the trial court's

dismissal of his negligence suit against Wichita General Hospital. In four points of error, Thomas contends that the court erred in dismissing the suit with prejudice on the grounds that: (1) venue in Wichita County was proper because Thomas's amended petition alleged that Wichita General's negligent acts and omissions occurred in Wichita County; (2) the trial court did not conduct a hearing on Wichita General's motion to dismiss; (3) the suit is not frivolous and has an arguable basis in fact; and (4) section 14.004 of the Texas Civil Practice and Remedies Code violates the United States and Texas Constitutions. We affirm.

Thomas's original and amended petitions claim that he injured his tooth when he bit down on a hard object in his pinto beans. This allegedly occurred in June 1995 while Thomas was housed at the Bill Clements Unit in Amarillo. On July 1, 1995, Thomas was transferred to the Allred Unit where medical care was provided by Wichita General employees. Thomas's petition alleges that Wichita General's employees denied him medical care for his injured tooth. Thomas further alleges that Wichita General employees acted negligently in failing to give him medication for an unrelated heart condition and in failing to treat ulcers on his legs, which caused infection. On Wichita General's motion, the trial court dismissed Thomas's petition with prejudice.

In Thomas's first point of error, he apparently alleges that dismissal on venue grounds was improper in light of his amended petition alleging negligent acts and omissions by Wichita General in Wichita County. Thomas's contention is without merit. The trial court's order dismissing the case does not state the specific grounds on which it was based. In addition, Wichita General's motion to dismiss does not contain any allegation that venue was improper, nor does Wichita General contend that Thomas's claim should be dismissed on venue grounds. Because venue was not an issue in the trial court, and there is no evidence that the trial court dismissed the suit on venue grounds, we overrule point of error one.

In Thomas's second point of error, he contends that the court erred by dismissing his claims without first holding a hearing. Section 14.003(c) of the Texas Civil Practice and Remedies Code provides:

(c) In determining whether [to dismiss a suit under section 14.003], the court *may* hold a hearing. The hearing may be held before or after service of process, and it may be held on motion of the court, a party, or the clerk of the court.

TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(c) (Vernon Supp.1997) (emphasis supplied).

The plain language of the statute indicates that the court's determination to hold a hearing is discretionary. Thus, it was not mandatory that the court conduct a hearing to decide whether Thomas's suit should be dismissed. Moreover, Thomas does not contend that there is evidence he would have presented had a hearing been held. Point of error two is overruled.

In his third point of error, Thomas alleges that the court erred in determining that the suit against Wichita General should be dismissed as frivolous. In its motion to dismiss, Wichita General asserted that Thomas's claim should be dismissed as frivolous under TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a) (Vernon Supp.1997) because it is has no arguable basis in fact and its ultimate chance of success is slight. Section 14.003 provides in pertinent part:

(a) A court may dismiss a claim, either before or after service of process, if the court finds that:

(1) the allegation of poverty in the affidavit or unsworn declaration is false;

(2) the claim is frivolous or malicious; or

(3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false.

(b) In determining whether a claim is frivolous or malicious, the court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(a), (b).

In making its determination under section 14.003, the court may also take into consideration the requirements imposed by section 14.004, which provides:

(a) An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

(b) If the affidavit or unsworn declaration filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit or unsworn declaration must state the date of the final order affirming the dismissal.

(c) The affidavit or unsworn declaration must be accompanied by the certified copy of the trust account statement required by Section 14.006(f).

*Id.* § 14.004 (Vernon Supp.1997).

■ We review a trial court's dismissal of an inmate's claim under section 14.003(a) under an abuse of discretion standard. *See Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). A court abuses its discretion if it acts without reference to guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ The record shows that even if Thomas's allegation is true—that after his transfer to the Allred Unit, he did not receive the medication prescribed for him by doctors at the Bill Clements Unit—Thomas did receive medication from doctors at the Allred Unit. He also received medical treatment for his legs and tooth. Moreover, Thomas failed to file an affidavit listing all prior lawsuits he had filed as required by section 14.004. Further, the record shows that Thomas filed at least five lawsuits in Wichita County courts in the period between July 1995 and July 1996. Based on our review of the record, we hold that the trial court did not abuse its discretion in dismissing Thomas's suit as frivolous under section 14.003(a). We overrule point of error three.

■ In his fourth point of error, Thomas contends that Tex. Civ. Prac. & Rem.Code Ann. § 14.004 violates provisions of both the United States and Texas Constitutions. We initially note that this point of error is multifarious. Thus, we are not required to review this point of error; however, in the interest of justice, we will address Thomas's contentions. *See* Tex.R.App. P. 38.1(e), 38.9; *WTFO, Inc. v. Braithwaite*, 899 S.W.2d 709, 714 (Tex.App.—Dallas 1995, no writ).

■ Thomas alleges that section 14.004 violates the Supremacy Clause of the United States Constitution as applied specifically to section 1983 claims and as applied generally to all federal laws. *See* U.S. Const. art. VI; 42 U.S.C.S. § 1983 (Law.Co-op.Supp.1997). Thomas's contention is apparently based on the assumption that a trial court can dismiss an inmate's civil suit with prejudice solely because the inmate failed to file the affidavit or unsworn declaration required by section 14.004, effectively allowing the court to refuse consideration of an inmate's claims.

■ Under the Supremacy Clause, a state law is "without effect" if it conflicts with federal law. *See Moore v. Brunswick Bowling & Billiards Corp.*, 889 S.W.2d 246, 247

(Tex.), *cert. denied,* 513 U.S. 1057, 115 S.Ct. 664, 130 L.Ed.2d 599 (1994). State law conflicts with federal law when it is impossible to comply with the law of both or when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 248.

■■■ In the absence of a valid excuse, a state court violates the Supremacy Clause if it refuses to consider a federal claim when the parties and controversy are properly before it. *See Howlett v. Rose,* 496 U.S. 356, 369, 110 S.Ct. 2430, 2439, 110 L.Ed.2d 332, 348 (1990). However, a neutral state policy, such as one designed to deter the filing of frivolous suits, may be a valid excuse for a state's refusal to entertain a federal claim. *See id.* at 379, 110 S.Ct. at 2444, 110 L.Ed.2d at 355. A State may adopt neutral procedural rules to discourage frivolous litigation of all kinds, as long as those rules are not preempted by federal law. *See id.* at 372, 110 S.Ct. at 2441, 110 L.Ed.2d at 351. The "ultimate touchstone" of pre-emption analysis is congressional intent. *Moore,* 889 S.W.2d at 247.

> Section 1983 provides in pertinent part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983. The purpose of section 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See Wyatt v. Cole,* 504 U.S. 158, 161, 112 S.Ct. 1827, 1830, 118 L.Ed.2d 504, 511 (1992).

We do not believe section 14.004 conflicts with section 1983 or any other federal law. Nor does section 14.004 affect an inmate's right to file a federal claim in Texas courts. Section 14.004 merely imposes a neutral procedural requirement on pro se, indigent inmates who file a civil claim in state court to enable the trial court to discern whether the case is frivolous and the work of a nuisance litigator. The statute does *not* mandate that the court dismiss an inmate's claim if the affidavit or unsworn declaration is not filed, nor does it authorize a court to refuse to consider the merits of a valid claim. Consequently, we hold section 14.004 does not operate as an obstacle to carrying out the valid objectives of federal law—inmates' meritorious federal claims may still be adjudicated—and, therefore, the statute does not violate the Supremacy Clause of the United States Constitution.

■■■ Thomas also contends that section 14.004 violates inmates' First Amendment rights to petition the government for redress of grievances. *See* U.S. CONST. amend. I. This contention appears to be based on the same assumption as Thomas's Supremacy Clause complaint.

■■■ Prisoners, like other individuals, have the constitutional right to petition the government for redress of grievances, which includes the right of access to the courts for the purpose of presenting complaints. *See Cruz v. Beto,* 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263, 267 (1972). Because restricting access to the courts implicates the guarantees of the First Amendment, only a compelling state interest will permit an infringement of that right. *See N.A.A.C.P. v. Button,* 371 U.S. 415, 438, 83 S.Ct. 328, 341, 9 L.Ed.2d 405, 421 (1963).

As we have previously explained, section 14.004 is a procedural requirement that does not restrict an inmate's right to file suit—the information the statute requires the inmate to provide assists the court in determining whether the inmate's suit is frivolous, but does not authorize the court to refuse to hear meritorious claims. Thus, section 14.004 does not violate the First Amendment of the United States Constitution.

■■■ Thomas further contends that section 14.004 violates the Ex Post Facto

Clause of the United States Constitution. *See* U.S. CONST. art. I, § 10, cl. 1. The prohibition against ex post facto laws applies only to laws that are punitive in nature. *See Galvan v. Press,* 347 U.S. 522, 531 & n. 4, 74 S.Ct. 737, 742–43 & n. 4, 98 L.Ed. 911, 922 & n. 4 (1954). Section 14.004 establishes a procedural rule that must be followed by an indigent, pro se inmate seeking to file a civil suit in Texas courts. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.002 (Vernon Supp.1997) (applies only to suit brought by inmate in state courts). The purpose and effect of the statute are not to punish inmates for filing claims, but rather to aid the court in determining whether the claim is frivolous. Moreover, the information an inmate is required to provide pursuant to section 14.004 is the same type of information that any other plaintiff can be compelled to provide in response to requests for discovery. *See* TEX.R. CIV. P. 166b(2)(a).

In addition, Thomas alleges that section 14.004 violates the First Amendment because it is void for vagueness and, in addition, that it violates nine separate provisions of the Texas Constitution. Thomas has not supported these contentions with any argument or authority; therefore, he has waived these arguments. *See Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983). Accordingly, point of error four is overruled.

We affirm the judgment of the trial court.