TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00423-CV






Graylon Earl Henderson, Appellant



v.



Texas Board of Pardons and Paroles; Lynn Brown; Gerald Garret; Victor Rodriguez;


Melinda Bozarth; and Hugh Campbell, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 98-07346, HONORABLE PAUL DAVIS, JUDGE PRESIDING






 Graylon Henderson, a prison inmate proceeding in forma pauperis, sued the Board
of Pardons and Paroles and some of its employees (collectively "the Board") seeking to recover
money damages for personal injuries he claimed were caused by the "non-use of tangible
property" under the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021
(West 1997). The district court dismissed the claim as frivolous prisoner litigation. See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003 (West Supp. 2000). We will affirm the district-court
order.

 Henderson claimed that some of the Board members erroneously considered an
expunged major disciplinary action when deciding to deny him parole. Henderson contended that
under the Tort Claims Act the members' failure to consider the expunction constituted a non-use
of tangible property. The Board filed a motion to dismiss Henderson's claim contending that (1)
Henderson's suit was substantially similar to a previous claim Henderson filed in Wichita County;
(2) Henderson failed to provide information required by section 14.004 in his affidavit relating
to previous claims; and (3) substantively, his claim was frivolous because it had no arguable basis
in law or fact. The district court granted the Board's motion and dismissed Henderson's claim
with prejudice for two reasons: (1) it was repetitive and frivolous under section 14.003 and (2)
Henderson failed to comply with the filing requirements of chapter 14 of the Civil Practice and
Remedies Code.

 On appeal, Henderson does not complain about the substance of the district court's
order. Rather, by four points of error, he contends that the district court erred procedurally and
abused its discretion in dismissing his claim without first holding a hearing. (1)

 Texas Civil Practice and Remedies Code section 14.003(c) provides:


(c) In determining whether [to dismiss a claim under section 14.003], the court
may hold a hearing. The hearing may be held before or after service of
process, and it may be held on motion of the court, a party, or the clerk of the
court.



Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (West Supp. 2000) (emphasis added). The plain
language of the statute indicates that the court's decision to hold a hearing is discretionary. See
Thomas v. Witchita Gen. Hosp., 952 S.W.2d 936, 938 (Tex. App.--Fort Worth 1997, pet. denied). 
It was, therefore, not mandatory that the court give notice of a hearing or even conduct a hearing
to decide whether to dismiss Henderson's claim. Moreover, Henderson does not contend that
there is evidence he would have presented had a hearing been held. Id. Henderson's complaints
are overruled.

 We affirm the district court's order.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: January 21, 2000

Do Not Publish

1.   Henderson also complains that he was not given forty-five days' notice of a hearing and was
improperly denied the opportunity to be in court to present his claim. 


STRONG>
v.



Texas Board of Pardons and Paroles; Lynn Brown; Gerald Garret; Victor Rodriguez;


Melinda Bozarth; and Hugh Campbell, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 98-07346, HONORABLE PAUL DAVIS, JUDGE PRESIDING






 Graylon Henderson, a prison inmate proceeding in forma pauperis, sued the Board
of Pardons and Paroles and some of its employees (collectively "the Board") seeking to recover
money damages for personal injuries he claimed were caused by the "non-use of tangible
property" under the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021
(West 1997). The district court dismissed the claim as frivolous prisoner litigation. See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003 (West Supp. 2000). We will affirm the district-court
order.

 Henderson claimed that some of the Board members erroneously considered an
expunged major disciplinary action when deciding to deny him parole. Henderson contended that
under the Tort Claims Act the members' failure to consider the expunction constituted a non-use
of tangible property. The Board filed a motion to dismiss Henderson's claim contending that (1)
Henderson's suit was substantially similar to a previous claim Henderson filed in Wichita County;
(2) Henderson failed to provide information required by section 14.004 in his affidavit relating
to previous claims; and (3) substantively, his claim was frivolous because it had no arguable basis
in law or fact. The district court granted the Board's motion and dismissed Henderson's claim
with prejudice for two reasons: (1) it was repetitive and frivolous under section 14.003 and (2)
Henderson failed to comply with the filing requirements of chapter 14 of the Civil Practice and
Remedies Code.

 On appeal, Henderson does not complain about the substance of the district court's
order. Rather, by four points of error, he contends that the district court erred procedurally and
abused its discretion in dismissing his claim without first holding a hearing. (1)

 Texas Civil Practice and Remedies Code section 14.003(c) provides:


(c) In determining whether [to dismiss a claim under section 14.003], the court
may hold a hearing. The hearing may be held before or after service of
process, and it may be held on motion of the court, a party, or the clerk of the
court.



Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (West Supp. 2000) (emphasis added). The plain
language of the statute indicates that the court's decision to hold a hearing is discretionary. See
Thomas v. Witchita Gen. Hosp., 952 S.W.2d 936, 938 (Tex. App.--Fort Worth 1997, pet. denied). 
It was, therefore, not mandatory that the court give notice of a hearing or even conduct a hearing
to decide whether to dismiss Henderson's claim. Moreover, Henderson does not contend that
there is evidence he would have presented had a hearing been held. Id. Henderson's complaints
are overruled.

 We affirm the district court's order.