In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-366 CV


____________________



DONALD RAY MCCRAY, Appellant



V.



WAYNE SCOTT, Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-164,887






MEMORANDUM OPINION


 Donald Ray McCray, an inmate of the Texas Department of Criminal Justice,
Institutional Division, appeals the trial court's dismissal of his lawsuit against Wayne Scott,
executive director of the Texas Department of Criminal Justice ["TDCJ"]. Proceeding pro
se and in forma pauperis, McCray sued Scott, seeking monetary damages and injunctive
relief. 

 On June 19, 2001, the trial court sua sponte set the case for a hearing on July 6,
2001, to consider whether the case should be dismissed under Chapter 14 of the Texas
Civil Practice and Remedies Code. The hearing was never held. On July 27, 2001, the
trial court dismissed McCray's cause in its entirety, stating: "This action is dismissed
without prejudice as frivolous for failure to comply with the procedural requirements of
Chapter Fourteen of the Texas Civil Practice and Remedies Code. Any and all claims not
previously ruled upon are hereby denied." (Emphasis added.)

 The issue presented is whether the trial court abused its discretion in dismissing
McCray's suit sua sponte, without holding a scheduled hearing. 

 "A court abuses its discretion if it acts without reference to guiding rules or
principles." Thomas v. Wichita General Hosp., 952 S.W.2d 936, 939 (Tex. App.--Fort
Worth 1997, writ denied). Further, holding of a hearing is discretionary. See Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(c) (Vernon Supp. 2002).

 McCray failed to file required information with the trial court. While he filed an 
unsworn declaration showing approximately eleven suits filed by him over various matters,
with five currently pending in Jefferson County, Texas, he did not include the information
required by section 14.005 of the Texas Civil Practices and Remedies Code showing that
he exhausted his administrative remedies prior to filing this suit. See Tex. Civ. Prac. &
Rem. Code Ann. § 14.005 (Vernon Supp. 2002). Further, McCray failed to file a copy
of the written decision from the grievance system with his petition, along with an affidavit
or unsworn declaration stating the date the grievance was filed and the date the written
decision was received by the inmate. See Tex. Civ. Prac. & Rem. Code Ann. §
14.005(a) (Vernon Supp. 2002). A court shall dismiss a claim if the inmate fails to file
the claim before the 31st day after the date the inmate receives the written decision from
the grievance system. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon Supp.
2002). 

 The trial court does not abuse its discretion in dismissing an inmate lawsuit as
frivolous where the inmate has not complied with express statutory requirements. And the
trial court did not abuse its discretion in not holding a hearing. A hearing is not
mandatory. See Thomas, 952 S.W.2d at 938. We overrule McCray's issue, and affirm
the trial court's dismissal of the suit.

 PER CURIAM

Submitted on May 3, 2002

Opinion Delivered May 9, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.