Opinion issued October 2, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01083-CV




 LAWRENCE EDWARD THOMPSON, Appellant

V.

JERRY SILVAS, Appellee




On Appeal from the County Court of Law 
Walker County, Texas
Trial Court Cause No. 5077




MEMORANDUM OPINION

          Appellant, Lawrence Edward Thompson, an inmate of the Texas Department
of Criminal Justice-Institutional Division (TDCJ-ID), proceeding pro se and in forma
pauperis, challenges the trial court’s order dismissing, as frivolous, his lawsuit
against appellee, Jerry Silvas, a prison guard at the Eastham Unit, where appellant
was incarcerated. In his sole issue, appellant contends that the trial court abused its
discretion in dismissing his lawsuit under chapter 14 of the Texas Civil Practice and
Remedies Code.


 We affirm.
Background
          Appellant contends that Officer Jerry Silvas dropped and damaged appellant’s
typewriter during a cell search. According to appellant’s pleadings, he filed a “Step
1” internal grievance on May 3, 1999, which was denied. Appellant contends he then
filed a “Step 2” grievance in June 1999.



          In January 2000, appellant originally brought suit seeking $150 for damage to
his typewriter. Appellant subsequently filed an amended petition, submitting his trust
account affidavit to the court and increasing his requested damages from $150 to
$5,000. In response, Silvas filed an original answer, a plea to the jurisdiction, and a
motion to dismiss. The trial court granted the motion to dismiss. 
Standard of Review
          We review a trial court’s dismissal of a suit brought by an inmate under chapter
14 for an abuse of discretion. Moreland v. Johnson, 95 S.W.3d 392, 394 (Tex. 
App.—Houston [1st Dist.] 2002, no pet.). A trial court abuses its discretion if it acts
without reference to guiding rules or principles. Brewer v. Collins, 857 S.W.2d. 819,
822 (Tex. App.—Houston [1st Dist.] 1993, no writ). 
Analysis
          Appellant argues that the trial court abused its discretion in dismissing his
lawsuit because: (1) he gave the trial court an explanation for the absence of
documents from his pleadings; (2) the trial court should have given him more
opportunity to correct deficiencies in his pleadings; and (3) appellee’s motion to
dismiss was “an unauthorized procedural device.”
          An indigent inmate must file a separate affidavit or declaration identifying and
describing each suit he has previously brought, a statement providing the date of the
final order affirming the dismissal if the suit was dismissed as frivolous or malicious,
and a certified copy of the trust account statement required by section 14.006(f). Tex.
Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2002).
          Here, appellant’s petition was accompanied by an affidavit of his inability to
pay costs, an “Affidavit of Grievance System Decision and Exhaustion of
Administrative Remedies,” and an affidavit of his previous filings. However, while
appellant’s affidavit describing his previous lawsuits listed six causes he previously
filed in both state and federal courts, it also admitted there were other causes he had
filed that were not detailed. Regarding the latter cases, appellant simply stated that
“because of the passage of time and not having the records of these causes, Affiant
is unable to give the court any relevant information concerning these causes.” In her
motion to dismiss appellant’s petition as frivolous, Silvas alleged, among other
things, that appellant had not complied with the filing requirement of chapter 14
because appellant failed to file the affidavit of previous filings required by section
14.004. 
          The purpose of the statute requiring an inmate bringing suit to file an affidavit
relating to his previous filings is to curb the flood of “constant, often duplicative,”
inmate litigation by requiring inmates to notify the trial court of previous litigation
and the outcome. Clark v. Unit, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.]
2000, pet. denied.). From this information, the trial court can determine whether the
suit is frivolous or duplicative. Id. When an inmate does not comply with the
statutory requirements in filing an affidavit or unsworn statement of his inability to
pay costs, the trial court is entitled to assume that the suit is substantially similar to
one previously filed by the inmate, and is therefore frivolous. Bell v. Tex. Dep’t of
Criminal Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex. App.—Houston [14th
Dist.] 1998, pet. denied). Because appellant failed to comply with the statutory
requirements for inmate litigation, the trial court did not err in dismissing his case.
          Appellant contends it is “unfair” that the Texas Attorney General’s Office is
the “only” entity allowed to utilize a motion to dismiss, but inmates are forbidden
from exercising the motion. While it is true that the Texas Rules of Civil Procedure
contain no provisions analogous to Federal Rule of Civil Procedure 12(b) dismissal
motions,


 this discrepancy does not violate any federal law or infringe upon the rights
of Texas citizens. Statutes governing procedural requirements of civil inmate
litigation do not violate the Supremacy Clause of the United States Constitution, as
they do not operate as an obstacle to carrying out valid objectives of federal law, and
inmates’ meritorious federal claims can still be adjudicated. Thomas v. Wichita Gen.
Hosp., 952 S.W.2d. 936, 939–40 (Tex. App.—Fort Worth 1997, writ denied). 
Instead, such statutes merely impose neutral procedural requirements on pro se,
indigent inmates who file civil claims in state court, which enable trial courts to
discern whether the case is frivolous. Id. at 940. Further, the statutes do not mandate
that a trial court dismiss an inmate’s claim if the required affidavits are not filed, nor
does it authorize a trial court to refuse to consider merits of a valid claim. Id. 
Accordingly, the inability of an inmate to utilize a dismissal motion does not deny the
inmate access to the courts, nor does it impair an inmate from filing a meritorious
suit. 
          Finally, we note that the trial court dismissed appellant’s suit “with prejudice.” 
Dismissal with prejudice constitutes an adjudication on the merits and operates as if
the case had been fully tried and decided. See Ritchey v. Vasquez, 986 S.W.2d 611,
612 (Tex. 1999); Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991). The trial
court’s order should have recited that appellant’s suit was dismissed “without
prejudice.” See Thompson v. Texas Dep’t of Criminal Justice-Institutional Div., 33
S.W.3d 412, 415 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); Lentworth v.
Trahan, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Thus,
we reform the trial court’s order to state that appellant’s lawsuit is dismissed without
prejudice. 
Conclusion
          We affirm the order as reformed. All pending motions are denied.



                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Jennings, and Hanks.