COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-03-076-CV

  
CHARLES 
W. BISHOP                                                             APPELLANT
 
V.
 
JULIA 
LAWSON, DR. THOMAS STARK,                                    APPELLEES
ROBERT 
TREON, DR. WILLIAM SAMARNEH,
STEVE 
PATTY, DR. DAVID POTTER,
ALVIN 
EASTERLING, ANGELA MILBERN,
AND 
MAYE SNIDER 
 
------------
 
FROM 
THE 30TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Charles W. Bishop, a pro se inmate, appeals from the trial court’s order 
dismissing his case against Appellees pursuant to chapter 14 of the Texas Civil 
Practice and Remedies Code. We affirm.
Background
        Appellant 
is incarcerated in the Texas Department of Criminal Justice-Institutional 
Division (TDCJ-ID). On November 1, 2002, Appellant sued nineteen defendants, 
alleging they were involved in a conspiracy to cause him harm during his 
incarceration either in the TDCJ-ID or in the Bexar County Detention Center. The 
petition alleged that Appellant was the subject of a massive conspiracy among 
the defendants due to their deliberate indifference to his medical needs and 
failure to give him notice of the status of his hepatitis condition; 
interference with his mailing privileges; filing a false disciplinary case 
against him; violating his due process rights during the disciplinary hearing, 
and upholding the false disciplinary case against him; and it raised other 
claims relating to Appellant’s condition while in confinement. Appellant 
requested a declaratory judgment and injunction, and sought compensatory and 
punitive damages amounting to over $100 million.
        Appellees 
filed motions to dismiss on the basis that Appellant’s suit was not in 
compliance with the requirements of chapter 14 of the Texas Civil Practice and 
Remedies Code, including the fact that Appellant failed to exhaust 
administrative remedies within the penal grievance system before initiating this 
lawsuit.[1]  See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (Vernon 
2002).  After a hearing at which Appellant was present and represented 
himself, the trial judge severed Appellant’s case against Appellees from that 
of the other defendants. The court then granted Appellees’ motions to dismiss, 
and dismissed with prejudice Appellant’s case against all Appellees. Appellant 
contends the trial court abused its discretion in dismissing the lawsuit.
Findings of Fact and Conclusions of Law
        The 
trial court’s findings of fact recite that Appellee Snider was an employee at 
the Diboll Correctional Center in Diboll, Texas at all times relevant to this 
lawsuit. Appellant’s complaint regarding Appellee Snider is that Appellant was 
retaliated against by another inmate because he complained to Snider that the 
barbershop was using inadequate disinfectant on barbershop hair clippers.
        Appellees 
Lawson, Samarneh, and Stark are employed with the University of Texas Medical 
Branch. Appellant alleged that Lawson and Samarneh did not provide him with 
proper medical treatment. Stark was allegedly involved in a conspiracy by 
telling Appellant he did not have hepatitis even though Appellant had never been 
tested for hepatitis.
        Appellees 
Patty, Easterling, Potter, Milbern, and Treon are employed with the TDCJ-ID. 
Patty, a disciplinary hearing officer, was allegedly involved in a conspiracy by 
violating Appellant’s due process rights. Easterling, a parole officer at the 
Allred Unit, allegedly filed a false report with the Texas Board of Pardons and 
Paroles, which resulted in Appellant being denied parole. Potter, an employee of 
the Texas Tech University Health Science Center, allegedly refused to treat 
Appellant for his Hodgkins disease. Milbern, a mailroom supervisor in the Allred 
Unit, allegedly interfered with Appellant’s attempts to send and receive his 
mail. Treon, the warden of the Allred Unit, allegedly acted with malicious 
intent to cause Appellant serious injury.
        The 
court’s conclusions of law state that Appellant’s claim against Snider is 
subject to the grievance system in place at Diboll Correctional Center, and 
Appellant’s claims against the Lawson Appellees are subject to the TDCJ-ID 
grievance system. The court found that Appellant did not exhaust his 
administrative remedies, as he did not even file any grievances against any 
Appellees. The court further determined that Appellant’s claims against 
Appellees have no realistic chance of ultimate success and no arguable basis in 
law or fact, and Appellant cannot prove facts in support of his claims which are 
substantially similar to a previous claim filed by Appellant. Lastly, the court 
found that Appellant’s affidavit filed pursuant to section 14.004 was not 
complete and/or was false.
        The 
trial court dismissed Appellant’s case against Appellees because: Appellant 
failed to exhaust his administrative remedies; Appellant’s affidavit filed 
pursuant to section 14.004 and attached to his original petition was not 
complete and/or was false; and Appellant’s claims are frivolous or malicious.
Discussion
        Chapter 
14 applies to a suit brought by an inmate in which an affidavit or unsworn 
declaration of inability to pay costs is filed by the inmate. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a). Accordingly, when 
Appellant filed such an affidavit in conjunction with this suit, he was required 
to comply with all the requirements of chapter 14.
        We 
review a trial court's dismissal of an inmate's claim under chapter 14 under an 
abuse of discretion standard. See Thomas v. Wichita Gen. Hosp., 952 
S.W.2d 936, 939 (Tex. App.—Fort Worth 1997, pet. denied); Hickson v. Moya, 
926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). A court abuses its 
discretion if it acts without reference to guiding rules or principles. See 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. 
denied, 476 U.S. 1159 (1986).
        The 
purpose of sections 14.003 and 14.004 has been stated as follows: “[T]he Texas 
Legislature recognized the problem of constant, often duplicative, inmate 
litigation in this state, and sought to reduce it by requiring the inmate to 
notify the trial court of previous litigation and the outcome.” Bell v. 
Tex. Dep’t of Criminal Justice-Institutional Div., 962 S.W.2d 156, 158 
(Tex. App.—Houston [14th Dist.] 1998, pet. denied); see also Hickson, 
926 S.W.2d at 399 (holding chapter 14 was designed to control the flood of 
frivolous lawsuits being filed in the courts of this state by prison inmates, 
consuming valuable judicial resources with little offsetting benefit). In this 
way, a trial court can determine, based on previous filings, if the suit is 
frivolous because the inmate has already filed a similar claim. Bell, 962 
S.W.2d at 158.
Section 14.005
        An 
inmate who files a claim that is subject to the grievance system that was 
developed under section 501.008 of the Texas Government Code must establish that 
he has exhausted his administrative remedies. Tex. Civ. Prac. & Rem. Code Ann. § 14.005; Tex. Gov’t Code Ann. § 501.008 (Vernon 1998). The inmate 
must file with the court an affidavit or unsworn declaration stating the date 
that the grievance was filed and the date the written decision was received by 
the inmate, and a copy of the written decision from the grievance system. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a).  A court must 
dismiss a claim if the inmate fails to file the claim before the 31st day after 
the date the inmate receives the written decision from the grievance system. Id. 
§ 14.005(b).
        The 
trial court determined that Appellant did not exhaust his administrative 
remedies as required by section 14.005 because Appellant did not file any 
grievance against Appellees. Attached to Appellant’s tenth supplemental 
petition is his handwritten summary describing the grievances he allegedly filed 
against Appellees. However, this document does not satisfy the requirements of 
section 14.005 because it is merely a summary of the purported grievances and 
does not include a copy of the decisions, if any, of the grievance system. See 
id. § 14.005.
        Accordingly, 
we hold that the trial court did not abuse its discretion in dismissing 
Appellant’s suit for the reason that Appellant had not exhausted his 
administrative remedies. See Birdo v. Schwartzer, 883 S.W.2d 386, 388 
(Tex. App.—Waco 1994, no writ).
Sections 14.003 and 14.004
        The 
trial court may dismiss a claim if the court finds that the claim is frivolous 
or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003. In determining whether 
the claim is frivolous or malicious, the court may consider whether:
 
(1)the 
claim’s realistic chance of ultimate success is slight;
(2)the 
claim has no arguable basis in law or in fact;
(3)it 
is clear that the party cannot prove facts in support of theclaim; or
(4)the 
claim is substantially similar to a previous claim filed by the inmate because 
the claim arises from the same operative facts.

 
Id. 
In making its determination under section 14.003, the court may also take into 
consideration the requirements imposed by section 14.004. Id. § 14.004; Thomas, 
952 S.W.2d at 939; see Bell, 962 S.W.2d at 158 (affirming dismissal of 
suit as frivolous when affidavit of previous filings failed to comply with 
requirements of chapter 14). Section 14.004 requires Appellant to file an 
affidavit:
 
        (1)    identifying 
each suit, other than a suit under the Family Code, previously brought by the 
person and in which the person was not represented by an attorney, without 
regard to whether the person was an inmate at the time the suit was brought; and
 
(2)describing 
each suit that was previously brought by:
(A) 
stating the operative facts for which relief was sought;
(B) 
listing the case name, cause number, and the court in which the suit was 
brought;
(C) 
identifying each party named in the suit; and
(D) 
stating the result of the suit, including whether the suit was dismissed as 
frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

 
Tex. Civ. Prac. & Rem. Code Ann. § 14.004.
        In 
his affidavit of previous filings, Appellant listed twenty-one suits he has 
filed between 1999 and 2002 in state and federal courts. In twelve of these 
recitations, Appellant failed to list all the parties that he had sued; he 
simply listed the first defendant and “et al.” In addition, Appellant failed 
to list the operative facts of the lawsuit for one of the suits.
        In 
its findings of fact, the court found that Appellant first filed the instant 
suit in the United States District Court for the Eastern District of Texas and 
it was dismissed due to Appellant’s history of filing frivolous and malicious 
cases. Bishop v. Sparks, Civil Action No. 1:02cv622 (E.D. Tex. Sept. 27, 
2002) (mem. op.). This opinion is included in the record before us. In the 
federal lawsuit, Appellant sued forty-six defendants and sought to proceed in 
forma pauperis. Id. The federal court determined that “at least 
three of plaintiff’s prior lawsuits or appeals have been dismissed as 
frivolous[,]” naming in fact four specific federal lawsuits, and that “[a]s 
a result, plaintiff is barred from bringing this action in forma pauperis.” 
Id. Three of the named lawsuits were listed by Appellant in his affidavit 
of previous filings in the instant case, but Appellant simply listed the 
disposition as “dismissed,” rather than listing the correct dispositions 
(“dismissed as frivolous and malicious”).
        Appellees 
contend that Appellant’s claims are frivolous and malicious because they are 
brought as part of a continuing pattern of frivolous suits. The record also 
contains an opinion from the United States District Court for the Western 
District of Texas, in which the court recited Appellant’s extensive litigation 
history, dismissed his claims as frivolous, and ordered him “barred for 
life” from filing any lawsuit in that court or from filing any lawsuit in any 
other court that is removable or transferable to that court, without first 
obtaining written permission from an active duty district judge of that court or 
of the Fifth Circuit. Bishop v. Lopez, Civil No. SA-01-CA-1094-OG (W.D. 
Tex. Jan. 31, 2002) (mem. op.).
        After 
reviewing the record and considering all the documents that were before the 
trial court, we hold the court did not abuse its discretion in dismissing 
Appellant’s suit under sections 14.003 and 14.004.[2]
Conclusion
        We 
affirm the judgment of the trial court.
 
  
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
 
 
PANEL 
F:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
 
DELIVERED: 
March 4, 2004

 
NOTES

1.  
Appellees Lawson, Stark, Treon, Samarneh, Patty, Potter, Easterling, and Milbern 
(the “Lawson Appellees”) filed a combined motion to dismiss; Appellee Snider 
filed a separate motion to dismiss.
2.  
Because we have determined the trial court did not abuse its discretion in 
dismissing Appellant’s suit, we need not address Appellant’s remaining 
issues. See Tex. R. App. P. 47.1.