COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-376-CV

 

 

R.W. ROGERS, SR.                                                              APPELLANT

 

                                                   V.

 

LAYNE
HARWELL AND NELDA 

HARRIS                                                                              APPELLEES

 

                                              ------------

 

            FROM THE 48TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








R.W. Rogers, Sr. appeals from the trial court=s
dismissal of his claim against his former attorneys, appellees Layne Harwell
and Nelda Harris, who defended appellant in his 1988 aggravated sexual assault
of a child trial.  In three issues, he
contends that section 16.003 of the civil practice and remedies code does not bar
his complaint, that the trial court abused its discretion in finding the suit
frivolous under section 14.003 of the civil practice and remedies code, and
that the trial court improperly prevented him from appearing by phone or other
means to oppose appellee Harris=s motion
to reinstate and dismiss with prejudice. 
Tex. Civ. Prac. & Rem. Code Ann. ' 14.003
(Vernon 2002), ' 16.003 (Vernon Supp.
2008).  We affirm.

Appellant was convicted of aggravated sexual
assault of a child and sentenced to forty years=
confinement on September 22, 1988.  This
court affirmed his conviction on August 31, 1989, and the court of criminal
appeals refused his petition for review. 
Since then, appellant has filed six post-conviction petitions for writ
of habeas corpus with the court of criminal appeals, all of which have been
denied or dismissed.  See Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008).








Appellant originally sued his former defense
attorneys on May 4, 1998, claiming that they failed to recognize that a witness=s
testimony about semen found in the victim=s
panties exonerated him.  The trial court
dismissed the case for want of prosecution on January 8, 2002 because appellant
had failed to serve appellees, but it reinstated the case upon appellant=s motion
for new trial.  After being served, each
appellee filed an answer.  Harris
contended that appellant=s suit was barred by the section
16.003 statute of limitations and that appellant had brought the suit solely
for harassment purposes.  Harwell also
asserted limitations, as well as collateral estoppel and lack of diligence in
effecting service.

Six years after appellees filed their answers,
the trial court ordered the parties to respond in writing why the case should not
be dismissed for the following reasons: 
want of prosecution, frivolous inmate litigation under section 14.003 of
the civil practice and remedies code, and failure to comply with section
14.004.  Tex. Civ. Prac. & Rem. Code
Ann. '' 14.003,
14.004.  Appellant and Harris both
responded.  Harris also filed an amended
answer contending that not only was the suit barred by limitations, it was also
barred by the principles stated in Peeler v. Hughes & Luce, 909
S.W.2d 494, 498 (Tex. 1995).  The same
day Harris filed her response, the trial court signed an order stating that the
case was dismissed but not specifying whether the dismissal was with or without
prejudice or on what grounds.

Harris filed a motion to reinstate, which the
trial court heard on July 3, 2008 without appellant present.  At the hearing, Harris asked the trial court
to reinstate the case and then dismiss it Awith
prejudice@ instead of Awithout
prejudice,@ which she claimed could be the
effect of the dismissal order.  The trial
court explained,








[M]y interpretation of my judgment would be that I had made the
determination that the case was frivolous under 14.0[0]3 and that it was
frivolous.  I think that=s the determination that=s been made on the
case.  I=m not certain that it
doesn=t -- and you=re benefiting in that
fashion.  And the order does not state
that it was without prejudice.  It states
it was granted on the basis under 14.0[0]3 it was frivolous.

 

And I was just looking -- I just went back and looked at 14.0[0]3,
because . . . that=s . . . what I ordered
the inmate to do was to . . . show cause why I shouldn=t dismiss it under
14.0[0]3.  And . . . I think that the
only thing I=m inclined to do in this
regard is to go back in and file an amended order making it clear that I have
dismissed it because the claim is frivolous . . . under 14.0[0]3.

 

And that is what I would be inclined to do
in this matter.

Accordingly, the trial court signed an amended
order dismissing the case Awith
prejudice as Frivolous Inmate Litigation under Civil Practice and Remedies Code
' 14.003.@  Appellant appeals from the amended order.[2]

The bulk of appellant=s brief
is devoted to his second issue, in which he contends the trial court abused its
discretion by finding that the suit is frivolous under section 14.003.  Because the trial court=s order
states that it dismissed on that ground, we will review it first.








We review a trial court=s
dismissal under section 14.003 for an abuse of discretion.  Leachman v. Dretke, 261 S.W.3d 297,
303 (Tex. App.CFort Worth 2008, no pet.); Thomas
v. Wichita Gen. Hosp., 952 S.W.2d 936, 939 (Tex. App.CFort
Worth 1997, pet. denied).  In determining
whether a claim is frivolous or malicious, the trial court may consider whether
(1) the claim=s realistic chance of ultimate
success is slight, (2) the claim has no arguable basis in law or in fact, (3)
it is clear that the party cannot prove facts in support of the claim, or (4)
the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003;
Thomas, 952 S.W.2d at 938B39.  When the trial court dismisses an inmate=s suit
without holding an evidentiary hearing, our review focuses on whether the suit
has an arguable basis in law.  Leachman,
261 S.W.3d at 304.  A claim has no
arguable basis in law if it is based on an indisputably meritless legal
theory.  Id.








Appellant=s
malpractice claim is based on his theory that he would not have been convicted
but for his lawyers= failure to realize that
testimony from a forensic serologist actually exonerated him.  According to appellant, the serologist
testified that she tested panties worn by the victim; that she found male semen
in the panties; that she only detected an H antigen in the panties, which could
have come from the victim or the male; that appellant=s blood
type was A; and that with blood type A she would expect to find the A antigen
present as well as the H antigen. 
According to appellant, this evidence shows that he could not have been
the contributor of the semen because he is a blood type A and no A antigen was
present in the sample.  Thus, appellant
contends the serologist=s evidence exonerated him but,
because his attorneys were unprepared and ineffective regarding DNA and blood
typing, they failed to realize this.

Under Peeler, a criminal defendant seeking
civil redress for legal malpractice cannot recover unless he or she first
establishes that he or she has been exonerated of the crime.  909 S.W.2d at 497B98; In
re Hinterlong, 109 S.W.3d 611, 628 (Tex. App.CFort
Worth 2003, orig. proceeding [mand. denied]). 
Here, appellant contends that, because the above-noted evidence shows he
is actually innocent of the crime, he is, in effect, exonerated, and Peeler
is inapplicable.








We have reviewed the record from appellant=s
aggravated sexual assault trial, in particular the testimony from the forensic
serologist.  See Gerdes v. Kennamer,
155 S.W.3d 541, 546 (Tex. App.CCorpus
Christi 2004, no pet.); Birdo v. Holbrook, 775 S.W.2d 411, 412 (Tex.
App.CFort
Worth 1989, writ denied) (AThis
court may take judicial notice of its own records.@).  She testified that she detected semen in the
panties but that because it contained only an H antigen, which could have been
present in the victim=s vaginal fluid, she could only
conclude that the semen was from an unidentified male donor.  On cross-examination, the serologist
testified that she tested appellant=s blood
and determined that he was type A.  She
said that she would expect to find both an A antigen and H antigen in semen
from a blood-type A male; however, she could not detect any antigens from
appellant when she tested his blood. 
From this, she concluded that he was a nonsecretor.  She clarified during the State=s
rebuttal that because she had concluded appellant was a nonsecretor, she would
not have expected to find the A or H antigen in the semen; thus, if the H
antigen were from the victim (which she could not conclusively determine), the
semen she did find was consistent with a nonsecretor.[3]

Despite appellant=s
contentions, our review of the serologist=s
testimony shows that it did not exonerate appellant.[4]  It merely showed that the serologist could
not conclusively say whether the semen was consistent with appellant=s blood
type or not.  Moreover, this evidence
does not contradict the victim=s clear
and unequivocal testimony that appellant penetrated her vagina.  See Rogers v. State, 02-88-00262-CR,
slip op. at 3 (Tex. App.CFort Worth Aug. 31, 1989, pet.
ref=d) (not
designated for publication).[5]








Because this evidence does not exonerate
appellant, thereby negating the operation of the public policy principles in Peeler,
we conclude and hold that the trial court did not abuse its discretion by
dismissing appellant=s claim as frivolous under
section 14.003. We overrule appellant=s second
issue.[6]

In his third issue, appellant contends the trial
court erred by refusing to allow him to appear at the post-dismissal hearing at
which Harris urged the trial court to clarify its order to show that the
dismissal was with prejudice.  According
to appellant, Harris misled the trial court by contending that she had been
discharged as appellant=s criminal attorney, and if he
had been there, he could have shown her deception.  Appellant also claims that a dismissal with
prejudice is improper because he could have cured any defects by repleading.

Whether the trial court abused its discretion by
dismissing appellant=s claims with prejudice depends
on whether the errors could be remedied. 
See Leachman, 261 S.W.3d at 306. 
Here, the problem with appellant=s
pleadings could not be remedied; however cast, his claim against his trial
attorneys fails under Peeler. 
Accordingly, we conclude and hold that the trial court did not abuse its
discretion by dismissing the suit with prejudice.








Furthermore, even if the trial court erred by
refusing to allow appellant to appear at the hearing, the error is not
reversible.  See Tex. R. App. P.
44.1(a); W. Reserve Life Assurance Co. of Ohio v. Graben, 233 S.W.3d
360, 379 (Tex. App.CFort Worth 2007, no pet.).  As we have already stated, appellant could
not have cured his claim=s defects by repleading.  And the trial court is not required to hold a
hearing in determining whether to dismiss a suit under section 14.003.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003;
Thomas, 952 S.W.2d at 938. 
Finally, the trial court indicated at the hearing that it had intended
to dismiss the suit as frivolous under section 14.003 and that it thought the
effect of such an order would be preclusive, i.e., a dismissal with prejudice.[7]  We overrule appellant=s third
issue.








Having overruled appellant=s
dispositive issues, we affirm the trial court=s
dismissal order.

 

PER
CURIAM

 

PANEL:  LIVINGSTON, DAUPHINOT, and WALKER, JJ.

 

DELIVERED:  May 28, 2009











[1]See Tex. R. App. P. 47.4.





[2]Appellees declined to
file briefs.





[3]Contrary to appellant=s contentions, there was
no DNA evidence; the serologist testified that the lab did not have the
capability to do DNA testing at that time.





[4]Moreover, appellant=s attorneys appear to
have understood the evidence and effectively cross-examined the serologist.





[5]Harris provided a copy of
this court=s opinion to the trial
court.





[6]Because dismissal was
proper on this ground, we need not address whether it was proper on the
limitations ground.  See Tex. R.
App. P. 47.1; Wichita County v. Bonnin, 268 S.W.3d 811, 821 (Tex. App.CFort Worth 2008, pet.
denied).





[7]Appellant contends that
Harris misled the trial court in her pleadings by stating that she had been
discharged from her duties as appellant=s counsel because the record from his trial shows
she participated in closing argument. 
But Harris did not state that she was discharged during trial; she
stated that she was discharged after trial and that new counsel was appointed
on appeal.  Regardless, the trial court=s disposition of
appellant=s suit was not based on
Harris=s assertion that she was
discharged from representing appellant.