

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-376-CV

R.W. ROGERS, SR.                                                    APPELLANT

V.

LAYNE HARWELL AND NELDA
HARRIS                                                              APPELLEES

------------

## FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

R.W. Rogers, Sr. appeals from the trial court's dismissal of his claim against his former attorneys, appellees Layne Harwell and Nelda Harris, who defended appellant in his 1988 aggravated sexual assault of a child trial. In three issues, he contends that section 16.003 of the civil practice and remedies code does not bar his complaint, that the trial court abused its discretion in

---

[1] See Tex. R. App. P. 47.4.

finding the suit frivolous under section 14.003 of the civil practice and remedies code, and that the trial court improperly prevented him from appearing by phone or other means to oppose appellee Harris's motion to reinstate and dismiss with prejudice. Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2002), § 16.003 (Vernon Supp. 2008). We affirm.

Appellant was convicted of aggravated sexual assault of a child and sentenced to forty years' confinement on September 22, 1988. This court affirmed his conviction on August 31, 1989, and the court of criminal appeals refused his petition for review. Since then, appellant has filed six post-conviction petitions for writ of habeas corpus with the court of criminal appeals, all of which have been denied or dismissed. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008).

Appellant originally sued his former defense attorneys on May 4, 1998, claiming that they failed to recognize that a witness's testimony about semen found in the victim's panties exonerated him. The trial court dismissed the case for want of prosecution on January 8, 2002 because appellant had failed to serve appellees, but it reinstated the case upon appellant's motion for new trial. After being served, each appellee filed an answer. Harris contended that appellant's suit was barred by the section 16.003 statute of limitations and that appellant had brought the suit solely for harassment purposes. Harwell also

2

asserted limitations, as well as collateral estoppel and lack of diligence in effecting service.

Six years after appellees filed their answers, the trial court ordered the parties to respond in writing why the case should not be dismissed for the following reasons: want of prosecution, frivolous inmate litigation under section 14.003 of the civil practice and remedies code, and failure to comply with section 14.004. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003, 14.004. Appellant and Harris both responded. Harris also filed an amended answer contending that not only was the suit barred by limitations, it was also barred by the principles stated in *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 498 (Tex. 1995). The same day Harris filed her response, the trial court signed an order stating that the case was dismissed but not specifying whether the dismissal was with or without prejudice or on what grounds.

Harris filed a motion to reinstate, which the trial court heard on July 3, 2008 without appellant present. At the hearing, Harris asked the trial court to reinstate the case and then dismiss it "with prejudice" instead of "without prejudice," which she claimed could be the effect of the dismissal order. The trial court explained,

> [M]y interpretation of my judgment would be that I had made
> the determination that the case was frivolous under 14.0[0]3 and
> that it was frivolous. I think that's the determination that's been

3

made on the case. I'm not certain that it doesn't -- and you're benefiting in that fashion. And the order does not state that it was without prejudice. It states it was granted on the basis under 14.0[0]3 it was frivolous.

And I was just looking -- I just went back and looked at 14.0[0]3, because . . . that's . . . what I ordered the inmate to do was to . . . show cause why I shouldn't dismiss it under 14.0[0]3. And . . . I think that the only thing I'm inclined to do in this regard is to go back in and file an amended order making it clear that I have dismissed it because the claim is frivolous . . . under 14.0[0]3.

And that is what I would be inclined to do in this matter.

Accordingly, the trial court signed an amended order dismissing the case "with prejudice as Frivolous Inmate Litigation under Civil Practice and Remedies Code § 14.003." Appellant appeals from the amended order.[2]

The bulk of appellant's brief is devoted to his second issue, in which he contends the trial court abused its discretion by finding that the suit is frivolous under section 14.003. Because the trial court's order states that it dismissed on that ground, we will review it first.

We review a trial court's dismissal under section 14.003 for an abuse of discretion. *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.); *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 939 (Tex. App.—Fort Worth 1997, pet. denied). In determining whether a claim is

---

[2] Appellees declined to file briefs.

4

frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight, (2) the claim has no arguable basis in law or in fact, (3) it is clear that the party cannot prove facts in support of the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. Tex. Civ. Prac. & Rem. Code Ann. § 14.003; *Thomas*, 952 S.W.2d at 938–39. When the trial court dismisses an inmate's suit without holding an evidentiary hearing, our review focuses on whether the suit has an arguable basis in law. *Leachman*, 261 S.W.3d at 304. A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Id*.

Appellant's malpractice claim is based on his theory that he would not have been convicted but for his lawyers' failure to realize that testimony from a forensic serologist actually exonerated him. According to appellant, the serologist testified that she tested panties worn by the victim; that she found male semen in the panties; that she only detected an H antigen in the panties, which could have come from the victim or the male; that appellant's blood type was A; and that with blood type A she would expect to find the A antigen present as well as the H antigen. According to appellant, this evidence shows that he could not have been the contributor of the semen because he is a blood type A and no A antigen was present in the sample. Thus, appellant contends

5

the serologist's evidence exonerated him but, because his attorneys were unprepared and ineffective regarding DNA and blood typing, they failed to realize this.

Under *Peeler*, a criminal defendant seeking civil redress for legal malpractice cannot recover unless he or she first establishes that he or she has been exonerated of the crime. 909 S.W.2d at 497–98; *In re Hinterlong*, 109 S.W.3d 611, 628 (Tex. App.—Fort Worth 2003, orig. proceeding [mand. denied]). Here, appellant contends that, because the above-noted evidence shows he is actually innocent of the crime, he is, in effect, exonerated, and *Peeler* is inapplicable.

We have reviewed the record from appellant's aggravated sexual assault trial, in particular the testimony from the forensic serologist. *See Gerdes v. Kennamer*, 155 S.W.3d 541, 546 (Tex. App.—Corpus Christi 2004, no pet.); *Birdo v. Holbrook*, 775 S.W.2d 411, 412 (Tex. App.—Fort Worth 1989, writ denied) ("This court may take judicial notice of its own records."). She testified that she detected semen in the panties but that because it contained only an H antigen, which could have been present in the victim's vaginal fluid, she could only conclude that the semen was from an unidentified male donor. On cross-examination, the serologist testified that she tested appellant's blood and determined that he was type A. She said that she would expect to find both

6

an A antigen and H antigen in semen from a blood-type A male; however, she could not detect any antigens from appellant when she tested his blood. From this, she concluded that he was a nonsecretor. She clarified during the State's rebuttal that because she had concluded appellant was a nonsecretor, she would not have expected to find the A or H antigen in the semen; thus, if the H antigen were from the victim (which she could not conclusively determine), the semen she did find was consistent with a nonsecretor.[3]

Despite appellant's contentions, our review of the serologist's testimony shows that it did not exonerate appellant.[4] It merely showed that the serologist could not conclusively say whether the semen was consistent with appellant's blood type or not. Moreover, this evidence does not contradict the victim's clear and unequivocal testimony that appellant penetrated her vagina. *See Rogers v. State*, 02-88-00262-CR, slip op. at 3 (Tex. App.—Fort Worth Aug. 31, 1989, pet. ref'd) (not designated for publication).[5]

---

[3] Contrary to appellant's contentions, there was no DNA evidence; the serologist testified that the lab did not have the capability to do DNA testing at that time.

[4] Moreover, appellant's attorneys appear to have understood the evidence and effectively cross-examined the serologist.

[5] Harris provided a copy of this court's opinion to the trial court.

Because this evidence does not exonerate appellant, thereby negating the operation of the public policy principles in *Peeler*, we conclude and hold that the trial court did not abuse its discretion by dismissing appellant's claim as frivolous under section 14.003. We overrule appellant's second issue.[6]

In his third issue, appellant contends the trial court erred by refusing to allow him to appear at the post-dismissal hearing at which Harris urged the trial court to clarify its order to show that the dismissal was with prejudice. According to appellant, Harris misled the trial court by contending that she had been discharged as appellant's criminal attorney, and if he had been there, he could have shown her deception. Appellant also claims that a dismissal with prejudice is improper because he could have cured any defects by repleading.

Whether the trial court abused its discretion by dismissing appellant's claims with prejudice depends on whether the errors could be remedied. *See Leachman*, 261 S.W.3d at 306. Here, the problem with appellant's pleadings could not be remedied; however cast, his claim against his trial attorneys fails under *Peeler*. Accordingly, we conclude and hold that the trial court did not abuse its discretion by dismissing the suit with prejudice.

---

[6] Because dismissal was proper on this ground, we need not address whether it was proper on the limitations ground. *See* Tex. R. App. P. 47.1; *Wichita County v. Bonnin*, 268 S.W.3d 811, 821 (Tex. App.—Fort Worth 2008, pet. denied).

Furthermore, even if the trial court erred by refusing to allow appellant to appear at the hearing, the error is not reversible. *See* Tex. R. App. P. 44.1(a); *W. Reserve Life Assurance Co. of Ohio v. Graben*, 233 S.W.3d 360, 379 (Tex. App.—Fort Worth 2007, no pet.). As we have already stated, appellant could not have cured his claim's defects by repleading. And the trial court is not required to hold a hearing in determining whether to dismiss a suit under section 14.003. Tex. Civ. Prac. & Rem. Code Ann. § 14.003; *Thomas*, 952 S.W.2d at 938. Finally, the trial court indicated at the hearing that it had intended to dismiss the suit as frivolous under section 14.003 and that it thought the effect of such an order would be preclusive, i.e., a dismissal with prejudice.[7] We overrule appellant's third issue.

---

[7] Appellant contends that Harris misled the trial court in her pleadings by stating that she had been discharged from her duties as appellant's counsel because the record from his trial shows she participated in closing argument. But Harris did not state that she was discharged during trial; she stated that she was discharged after trial and that new counsel was appointed on appeal. Regardless, the trial court's disposition of appellant's suit was not based on Harris's assertion that she was discharged from representing appellant.

Having overruled appellant's dispositive issues, we affirm the trial court's dismissal order.

PER CURIAM

PANEL:  LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED:  May 28, 2009