IN THE

TWELFTH COURT OF APPEALS

TYLER, TEXAS

FILED IN COURT OF APPEALS
12th Court of Appeals District
APR 20 2015
TYLER TEXAS
CATHY S. LUSK, CLERK



NO. 12-14-00332-CV

REC'D IN COURT OF APPEALS
12th Court of Appeals District
APR 20 2015
TYLER TEXAS
CATHY S. LUSK, CLERK



ROBERT C. MORRIS

APPELLANT

vs

SHERRI MILLIGAN, ET. AL.,

APPELLEE

ON APPEAL FROM THE 349TH JUDICIAL DISTRICT COURT OF

ANDERSON COUNTY, TEXAS, TRIAL CAUSE NO. 349-6270

APPELLANT'S PRO SE BRIEF

ROBERT C. MORRIS

TDCJ-ID # 1311083

SMITH UNIT

1313 CR 19

LAMESA, TEXAS 79331

IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                           ROBERT C. MORRIS
                                     TDCJ-ID # 1311083
                                     SMITH UNIT
                                     1313 CR 19
                                     LAMESA, TEXAS   79331

COUNSEL:                             PRO SE

APPELLE(S):                          SHERRI MILLIGAN
                                     BRYAN GORDY
                                     CHRISTY HOISINGTON

COUNSEL:                             PATRICK BREZIK
                                     ASST. ATTORNEY GENERAL
                                     PO BOX 12548
                                     AUSTIN, TEXAS   78711-2548

TRIAL JUDGE:                         HON. PAM FOSTER-FLETCHER
                                     349TH JUDICIAL DISTRICT COURT
                                     500 N. CHURCH ST., RM.30
                                     PALESTINE, TEXAS   75801

## STATEMENT REGARDING ORAL ARGUMENT

Appellant at this time waives oral arguments, unless appellee request oral arguments at a later time.

TABLE OF CONTENTS

Page

• IDENTITY OF PARTIES AND COUNSEL ................ i

• STATEMENT REGARDING ORAL ARGUMENT ............. ii

• TABLE OF CONTENTS .............................. iii

• INDEX OF AUTHORITIES ........................... iv

• STATEMENT OF CASE .............................. 1

• ISSUES PRESENTED FOR REVIEW .................... 2

• STATEMENT OF FACTS ............................. 3

• ISSUE NO.1 FOR REVIEW .......................... 5

    DOES RULES OF CIVIL PROCEDURE CONTROL OR DOES
    CIVIL PRACTICE AND REMEDIES CODE REGARDING
    DEFAULT JUDGMENTS AND NOTICES?

• ISSUE NO.2 FOR REVIEW ......................... 9

    DID TRIAL COURT ABUSE ITS DISCRETION IN
    SETTING ASIDE DEFAULT JUDGMENT?

• ISSUE NO.3 FOR REVIEW ......................... 16

    WAS CHAPTER 14 OF TEXAS CIVIL PRACTICE AND
    REMEDIES CODE UNLAWFULLY ENACTED?

• ISSUE NO.4 FOR REVIEW ......................... 20

    DID TRIAL COURT ABUSE ITS DISCRETION IN
    DISMISSING SUIT UNDER CHAPTER 14 AFTER
    $5\frac{1}{2}$ YEARS, DEFAULT JUDGMENT, AND VARIOUS
    PLEADINGS?

• PRAYER ........................................ 24

• CERTIFICATE OF SERVICE ........................ 24

• CERTIFICATION ................................. 25

• APPENDIX ........................... ATTACHED SEPARATE

# INDEX OF AUTHORITIES

Page

- BAR ASS'N OF DALLAS v HEXTER TITLE & ABSTRACT..... 6,17
    175 S.W.2d 108 (Tex.Civ.App.-Ft.Worth 1943)

- BELL v TDCJ-ID............................................ 16,21
    952 S.W.2d 156 (Tex.App.-Houston[14th Dist]1998)

- BIRDO v SCHWATZER.................................... 18
    883 S.W.2d 386 (Tex.App.-Waco 1994)

- BROWN v VILLEGAS.................................... 5,16
    202 S.W.3d 803 (Tex.App.-San Antonio 2006)

- CLEMENTS v BARNES.................................. 15
    822 S.W.2d 658 (Tex.App.-Corpus Christi 1991)

- CRADDOCK v SUNSHINE BUS LINES..................... 12
    133 S.W.2d 124 (Tex. 1939)

- DIR. STATE EMPS. WORKERS' COMP. DIV. v EVANS ........... 13
    889 S.W.2d 266 (Tex. 1994)

- DOWNER v AQUAMARINE OPERATORS INC.................. 9,20
    701 S.W.2d 238 (Tex. 1985)

- GARRETT v MERCANTILE NAT. BANK OF DALLAS......... 6,17
    168 S.W.2d 636 (Tex. 1943)

- GROSS v CARROLL...................................... 17
    339 S.W.3d 718 (Tex.App.-Houston [1st Dist] 2011)

- HAMILTON v PECHACEK.................................. 11
    2014 Tex.App.Lexis 3096 (Tex.App.-Ft.Worth 2014)

- HANKS v ROSSER....................................... 11
    378 S.W.2d 31 (Tex. 1964)

- HELFMAN MOTORS, INC v STOCKMAN..................... 14
    616 S.W.2d 394 (Tex.App.-Ft. Worth 1981)

- HICKSON v MOYA...................................... 9,16,17,20,21
    926 S.W.2d 397 (Tex.App.-Waco 1996)

- HOLT ATHERTON INDUSTRIES, INC v HEINE............. 14
    835 S.W.2d 80 (Tex. 1992)

- IN RE A.P.P. ...................................... 12
    74 S.W.3d 570 (Tex.App.-Corpus Christi 2002)

- IN RE R.R. ....................................... 13
    209 S.W.3d 112 (Tex. 2006)

- IN RE S.K.A. ..................................... 14
    236 S.W.3d 875 (Tex.App.-Texarkana 2007)

- JOHNSON v EDMONDS.................................. 12
    712 S.W.2d 651 (Tex.App.-Ft. Worth 1986)

- LEACHMAN v DRETKE.................................. 16,22
    261 S.W.3d 297 (Tex.App.-Ft. Worth 2008)

- MATTHEWS v LENOR.................................. 10,11,15
    2014 Tex.App.LEXIS 7903 (Tex.App.-Houston[1st Dist] 2014)

- MO. PAC. R.R. CO. v CROSS......................... 6,17
    501 S.W.2d 868 (Tex. 1973)

• NABELEK v GARRETT.................................. 21
    94 S.W.3d 648 (Tex.App.-Houston [14th Dist] 2002)

• N.N. v INSTITUTE FOR REHABILITATION AND RESEARCH.. 6
    234 S.W.3d 1 (Tex.App.-Houston [1st Dist] 2006)

• NORTON v MARTINEZ................................. 12
    935 S.W.2d 896 (Tex.App.-San Antonio 1996)

• OLIVARES v CAUTHORN.............................. 14
    717 S.W.2d 431 (Tex.App.-San Antonio 1996)

• PERAZA v STATE................................... 17
    2014 Tex.App.LEXIS 13915 (Tex.App.-Houston [1st Dist] 2014)

• REED v BUCK...................................... 17
    370 S.W.2d 867 (Tex. 1963)

• SELLS v DROTT.................................... 14
    259 S.W.3d 192 (Tex.App.-Tyler 2007)

• SMITH v STEVENS.................................. 18
    822 S.W.2d 152 (Tex.App.-Houston [1st Dist] 1991)

• STRACKBEIN v PREWITT............................. 12,13
    671 S.W.37 (Tex. 1984)

• SULLIVAN v OWENS................................. 16,22
    2011 WL 2409311 (Tex.App.-Eastland 2011)

• SWEED v NYE...................................... 11
    319 S.W.3d 791 (Tex.App.-El Paso 2010)

• THOMAS v WICHITA GENERAL HOSPITAL................ 17,21
    952 S.W.2d 936 (Tex.App.-Ft. Worth 1997)

• THOMPSON v SILVAS................................ 21
    2003 WL 22254950 (Tex.App.-Houston [1st Dist] 2003)

• WHITE v STATE.................................... 21
    37 S.W.3d 562 (Tex.App.-Beaumont 2001)

## CONSTITUTIONS, STATUTES, OTHERS

TEXAS CIVIL PRACTICE AND REMEDIES CODE

• Chapter 13, Sec. 13.001...................... 18
• Chapter 14, Sec. 14.002 - 14.003; 14.012..... 17,20,22
• Chapter 104, Sec.104.001 - 104.005........... 9,10,14,15
• Chapter 39, Sec. 39.01 - 39.02............... 5,7,8,14

TEXAS GOVERNMENT CODE

• Chapter 22, Sec. 22.004...................... 5,6
• Chapter 323, Sec. 323.007.................... 5

TEXAS RULES OF CIVIL PROCEDURE

• Rule 2....................................... 7
• Rule 21 ..................................... 13
• Rule 239 .................................... 6
• Rule 329b ................................... 13
• Rule 819 .................................... 7

SUNSET ADVISORY COMMISSION - Final Report (July 2013). 18

STATEMENT OF CASE

Appellant Robert C. Morris filed a civil complaint against Appellees on January 28, 2009 for the unlawful appropriation and destruction, and disposed of personal property belonging to Morris.(CR 6). The suit was assigned cause number 349-6270 in the 349th District Court of Anderson County, Texas, Judge Pam Foster-Fletcher presiding. Morris filed the necessary unsworn declaration inaccordance to Chapter 14 of the Texas Civil Practice and Remedies Code.(CR 11-12; 2 SCR 5).

Process of service of citation was conducted on Appellees on February 18, 2009, returned and filed with the District Clerk on February 19, 2009. See Appendix A-C. On March 17, 2009, Morris filed three pleadings concerning Default Judgment.(CR 21-23). The pleadings were refiled on May 6, 2009.(CR 25-26; 2 SCR 7). Linda Richey was served on April 27, 2009 (Appx. D) and filed an answer on May 20, 2009 through counsel Asst. Attorney General Julia Hamill Murray.(CR 27). A writ of mandamus was filed to compel the trial judge to rule of the default motion.(No. 12-09-00425-CV). The mandamus was denied due tothe trial judge ruling on default judgment, granting said default judgment.(1 SCR 4). Appellees filed a motion for leave to file answer out-of-time, motion to set aside default judgment and Original answer on June 7, 2010.(CR 30-40).

A notice of appeal was filed, dismissed for want of jurisdiction. A writ of mandamus was filed, denied by the Court of Appeals without a written order. The Supreme Court subsequently denied writ in April 2011.

Morris filed various motions and numerous motions for hearing on pre-trial motions. Appellees filed a motion to dismiss(CR 69) and a response was filed.(CR 80). None of the motions filed were ruled upon.

The trial court on October 23, 2014 entered an order of dismissal

for failing to file an affidavit or unsworn declaration relating to previous filings.(CR 109). A Motion to Reinstate Suit was filed on November 6, 2014 (CR 112) along with Notice of Appeal (CR 114). On November 18, 2014, trial judge wrote a note stating "no action" regarding motion to reinstate.(CR 116). This appeal follows, which was granted two extensions of time, one due to the failure of TDCJ Law Library Officials to provide necessary legal supplies to prepare and file brief, i.e., paper.


CR - Clerk's Record

1 SCR - 1st Supplemental Clerk's Record

2 SCR - 2nd Supplemental Clerk's Record.

ISSUES PRESENTED FOR REVIEW

ISSUE NO.1 FOR REVIEW:

DOES RULES OF CIVIL PROCEDURE CONTROL OR DOES CIVIL PRACTICE
AND REMEDIES CODE REGRADING DEFAULT JUDGMENTS AND NOTICES?

ISSUE NO.2 FOR REVIEW:

DID TRIAL COURT ABUSE ITS DISCRETION IN SETTING ASIDE DEFAULT
JUDGMENT?

ISSUE NO.3 FOR REVIEW:

WAS CHAPTER 14 OF TEXAS CIVIL PRACTICE AND REMEDIES CODE
UNLAWFULLY ENACTED?

ISSUE NO.4 FOR REVIEW:

DID TRIAL COURT ABUSE ITS DISCRETION IN DISMISSING SUIT UNDER
CHAPTER 14 AFTER 5½ YEARS, DEFAULT JUDGMENT AND VARIOUS PLEADINGS?

## STATEMENT OF FACTS

On November 6, 2006, Appellee Sherri Milligan, who in her official capacity as a TDCJ official, searched Appellant Morris's property pursuant to former Gov. Rick Perry's Executive Order of a system-wide lockdown and search for cell phones and other illegal contraband (i.e. money, drugs, weapons).

During the search of Appellant's property, Milligan had possession and control of said property until completion of search. After completion of search, it was discovered that Appellant Milligan took without consent many items of Morris's property. It was also discovered a short time later that Appellee Milligan disposed of many items without authority or consent and that Appellee Milligan damaged beyond repair Appellant's typewriter.

Appellee Milligan without regard to Appellant's property, roughly handled the property, threw property to the floor and refused to return property she had taken without consent or authority.

Appellee Hoisington had a duty to investigate the claims of theft by Milligan, but refused to perform her duties. This failure allowed the theft of Appellant's property by Milligan . Appellee Gordy had duty to ensure that all proper procedures and policies are followed. His failure allowed both Appellees Milligan and Hoisington to commit theft of Appellant's property.

Appellant filed a civil lawsuit on January 28, 2009 with all required unsworn declarations of Chapter 14. After the appropriate amount of time, Appellant moved for a default judgment, as Appellees had not answered. Appellant dismissed Linda Richey, for she had not been served on date of default filing. After seeking mandamus to compel trial court to rule on default motion in December 2009, the trial court

entered a default judgment on February 4, 2010, with hearing on damages set for June 7, 2010. The Appellees after entry of default sought to file an out-of-time answer and motion to set aside default on June 7, 2010, which the trial court granted.

After denial of mandamus review of this decision, the Appellant proceeded towards trial by requesting discovery and written interrogatories of the Appellees through counsel. However when the deadline to respond to interrogatories approached, the Appellees filed a motion to dismiss alleging failure to exhaust administrative remedies. Appellant filed a response and the trial court had never ruled upon the motion.

Appellant sought several times for a pre-trial hearing for all the pending motions filed by both parties. However, the trial court refused to set a hearing date. Appellant sought mandamus relief to compel trial court action, which the appellate court denied. Soon after the trial court entered its Order of Dismissal, after 5½ years of proceedings in this case.

DOES RULES OF CIVIL PROCEDURE CONTROL OR DOES CIVIL PRACTICE AND REMEDIES CODE REGRADING DEFAULT JUDGMENTS AND NOTICES?

TRIAL COURT FINDING:

The trial court determined that Section 39.01 of the Texas Civil Practice and Remedies Code controlled in civil action regrading default judgments and notices thereof, instead of the Texas Rules of Civil Procedure.

STANDARD OF REVIEW:

The Court of Appeals reviews questions of law de novo. See BROWN v VILLEGAS, 202 S.W.3d 803,805 (Tex.App.-San Antonio 2006).

ARGUMENT:

In 1963, Texas began a Statutory Revision Program under the Texas Legislative Council as directed and authorized by Texas Government Code § 323.007 (formerly Vernons Ann.Civ.St. Art. 54295-1). Section 323.007 provides:

> (a) the council shall plan and execute a permanent statutory revision program for the systematic and continuous study of the statutes of this State and for the formal revision of statutes on a topical or code basis. The purpose of the program is to clarify and simplify the statutes and to make the statutes more accessible, understandable and useable.
> (b) When revising a statute the council may not alter the sense, meaning or effect of the statute.

(Vernons 2008)

The Civil Practice and Remedies Code was enacted by ACTS 1985, 69th Leg., Ch.959, effective September 1, 1985, with many statutes codified from Vernon's Ann. Civ. Statutes.

However, in 1939, the 46th Texas Legislature enacted article 1731a to the Vernon's Ann. Civil Statutes, titled "Rules of Civil Procedure" (now Texas Government Code § 22.004). By enacting this statute, the Legislature relinquished the rule making power to the Supreme Court.

See: BAR ASS'N OF DALLAS v HEXTER TITLE & ABSTRACT CO., 175 S.W.2d 108 (Tex.Civ.App.-Ft. Worth 1943).

Government Code § 22.004 provides, in relevant parts:

(a) The Supreme Court has full rulemaking power in the practice and procedure in civil actions, except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant.

...

(c) So that the Supreme Court has full rulemaking power in civil actions, a rule adopted by the Supreme Court repeals all conflicting laws and parts of laws governing practice and procedure in civil actions, but substantive law is not repealed.

(Vernons 2004)(emphasis added)

Under Vernon's Ann.Civ.St. art 1731a, which gave Supreme Court rulemaking powers, Supreme Court was invested with complete authority to prescribe all Rules of procedure in all civil actions, and it was intended that all statutes relating to civil procedure should be inoperative on and after September 1, 1941, including those passed at the same session on Legislature. GARRETT v MERCANTILE NAT. BANK OF DALLAS, 168 S.W.2d 636 (Tex. 1943)(emphasis added).

By virtue of the Legislature's delegation to the Supreme Court of rulemaking authority for practice and procedure in civil cases, the rules of civil and appellate procedure have the force and effect of statutory provisions, MO.PAC R.R. Co. v CROSS, 501 S.W.2d 868 872 (Tex. 1973), and the Court of Appeals must observe and follow the rules and has no authority to deviate from them. N.N. v INSTITUTE FOR REHABILITATION AND RESEARCH, 234 S.W.3d 1 (Tex.App.-Houston[1st Dist] 2006). This authority has never been taken back by the Legislature.

Since 1941, as former Vernon's Ann.Civ.St. art 2154, now Rule 239 of Rules of Civil Procedure, there has been established procedure for taking a Judgment by Default:

"Upon such call of the docket, or at anytime after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer, and provided that the return of service shall have been on file with the clerk for the length of time required by Rule 107."

Yet, despite relinquishing all rulemaking power and authority to the Supreme Court for all civil action practice and procedure, the 70th Legislature in ACTS 1987, Ch. 167 § 3.09(a), eff. September 1, 1987, enacted Section 39.01 of the Civil Practice and Remedies Code, which provides:

> "Notice of intent to take default judgment against the state, a state agency, or a party in a civil case for which Chapter 104 authorizes representation by the attorney general shall be mailed to the attorney general at the attorney general's office in Austin, Texas, by United States Postal Service Certified Mail, Return Receipt Requested, not later than the 10th day before the entry of the default judgment."

(Vernons 2008)

Section 39.01 is in conflict with Rule 239, not to mention § 39.01 is a pratice and procedural action that is under authority of the Supreme Court. Section 39.01 was not enacted by the Supreme Court, who has the authority to enact such procedural rules. However, the Supreme Court to ensure their rule-making authority in practice and procedure in all civil cases, implemented Rule 819, that states:

> "In case of inconsistency between provisions of these rules and any statutory procedure not specifically listed as repealed, these rules shall apply."

(West 2014)(emphasis added)

Furthermore, Rule 2 clearly states that the Rules of Civil Procedure is controlling:

> "These rules shall govern the procedure in the justice, county, and district courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated."

(West 2014)(emphasis added)

Therefore, pursuant to the stablished Rules and Statutes, a finding that the Supreme Court has exclusive rulemaking authority

for all practice and procedure in all civil actions. Such finding would invalidate § 39.01 since that is a procedure in civil action, meaning that the Rules of Civil Procedure control.

Such a finding would also weigh heavily upon the issue raised later in this brief regarding Chapter 14 of the Civil Practice and Remedies Code.

The Appellant urges the Court of Appeals to make such a finding that the Supreme Court has exclusive rulemaking authority in all practice and procedure for all civil actions.

## ISSUE NO. 2 FOR REVIEW

DID TRIAL COURT ABUSE ITS DISCRETION IN SETTING ASIDE DEFAULT JUDGMENT?

**TRIAL COURT FINDINGS:**

Trial court found that defendant's counsel had not been served notice of intent of default judgment, thus setting aside previously ordered default judgment.

**STANDARD OF REVIEW:**

The Court of Appeals reviews the setting aside of a default judgment for abuse of discretion. HICKSON v MOYA, 926 S.W. 2d 397, 398 (Tex.App. -Waco 1996). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or, alternatively, whether the trial court's actions were arbitrary or unreasonable based on the circumstances of the individual case. DOWNER v AQUAMARINE OPERATORS, INC., 701 S.W. 2d 238, 241-42 (Tex. 1985).

**ARGUMENT:**

As cited in the Statement of Facts, the defendants (Appellees) were served with notice of appearance and copy of citation, designating the defendants had 20 days to file an answer or appear before the court. An Assistant Attorney General, Julia Hamill Murray, filed an answer within 20 days for defendant Linda Richey, after Richey delivered to the attorney general all process served on Mrs. Richey, pursuant to Texas Civil Practice and Remedies Code, Section 104.005. Mrs. Richey was ultimately dismissed from the suit when motion for default judgment was filed, for when motion was filed, Mrs Richey had not been served process.

Section 104.005 provides:

> "Except as provided by Section 104.0035, the State is **not liable for the defense** of an action covered by this chapter or for damages, court cost, or attorney's fees unless: (1) the attorney general has been served inthe case and the State has been given an opportunity to defend the suit; **or** (2) the **person against whom the action is brought delivers to the attorney general all process served on the person not later then the 10th day after the date of service.**"

(Vernons 2005)(emphasis added)

Process service was provided upon the Appellees on February 18, 2009 at 8:27 AM, who was served in their individual and official capacity. Thus, once service was completed, according to § 104.005, it is now the responsibility of the individual defendant to secure service of counsel, whether it be the attorney general or outside counsel.

The Texas Civil Practice & Remedies Code states that the attorney general "shall defend a public servant" in lawsuits alleging damages based on an act or omission by the public servant "in the course and scope of the person's office, [or] employment. Tex. Civ. Prac. & Rem. Code Ann. §§ 104.002; 104.004 (Vernons 2011). However, the attorney general has no obligation to defend a state employee and the State has no responsibility for any damages unless the employee complies with § 104.005. See MATTHEWS v LENOR, 2014 Tex.App.Lexis 7903 (Tex.App.-Houston [1st Dist]July 22, 2014).

The requirement that the attorney general must be served process on behalf of an employer or forward process by a served employee before state liability attaches undermines the theory that the attorney general automatically becomes counsel of record for a state employee without service specific to that defendant. Section 104.005 states a government employee may, but is not

required to seek the attorney general's representation. ID.; cf. SWEED v NYE, 319 S.W.3d 791,795-96 (Tex.App.-El PAso 2010, pet.denied) (holding that attorney general does not have blanket authority to accept service of process and may be served process only when it has been designated administrative head of defendant state agency.).

A state employee is not served through service on the state attorney general; service on the attorney general is simply a mechanism necessary to ensure that the state is liable for the conduct of its employees. See HAMILTON v PECHACEK, 2014 Tex.App. Lexis 3096, 2014 WL 1096018 (Tex.App.-Ft.Worth March 20, 2014).

The HAMILTON Court stated that Texas Civil Practice and Remedies Code Section 104.005 "does not address when the plaintiff must serve but rather whom the government-employee defendant must serve if the employee desires for the State to cover the cost of defending him. ID at 2014 Tex.App.Lexis 3096 * 2.

The instant case shows that Appellees were served process on February 18, 2009 between 8:22 AM and *:28 AM in person by Anderson County Sheriff Deputy Keith Simmons. The Texas Supreme Court by its opinion in HANKS v ROSSER, 378 S.W.2d 31 (Tex. 1964), recognizes that a party has two rights or remedies in a lawsuit. They are:(1) file an answer to prevent a default judgment, and (2)to file a motion for new trial within ten days(now 30 days) after judgment is taken. ID at 34. Being a state employee, the Appellees had a choice to make: employ own counsel or notify the attorney general no later then the 10th day after date of service. See § 104.005. Former defendnat Linda Richey wished for representation by the

attorney general, complied with the requirements of Section 104.005, and the attorney general filed a timely response. The Appellees did not act within the necessary time, thus defaulted.

In CRADDOCK v SUNSHINE BUS LINES, 133 S.W.2d 124 (Tex. 1939), the Supreme Court of Texas provided three factors to consider whether a default judgment should be set aside and a new trial ordered. The factors provides that if (1)the failure of the defendants to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided (2)the motion for a new trial sets up a meritorious defense and (3)is filed at a time when granting thereof will cause no delay or otherwise work an injury to the plaintiff. Id at 126. Conscious indifference is defined as "the failure to take some action that would seem obvious to a reasonable person in the same circumstances." IN RE A.P.P., 74S.W.3d 570,573 (Tex.App.-Corpus Christi 2002); JOHNSON v EDMONDS, 712 S.W.2d 651,653 (Tex.App.-Ft. Worth 1986).

The defaulting party must provide some excuse, but not necessarily a good excuse, for failung to answer in a timely manner. NORTON v MARTINEZ, 935 S.W.2d 898,901 (Tex.App.-San Antonio 1996). The absence of an intentional failure to answer is the controlling factor under this analysis. See CRADDOCK, 133S.W.2dat 125. In determining whether the failure to appear was due to intentional disregard or conscious indifference, the court must look to the knowledge and acts of the defendants. See STRACKBEIN v PREWITT, 671 S.W.2d 37,39 (Tex. 1984). If the factual assertions in the defaulting party's motion and affidavits are not controverted, the defaulting party satisfies its burden if it sets forth facts

that, if true, negate intent or conscious indifference. Id at 38-39. If determining if the defaulting party's factual assertions are controverted, the court looks to all the evidence in the record. DIR., STATE EMPS. WORKERS' COMP. DIV. v EVANS, 889 S.W.2d 266,269 (Tex. 1994).

The Appellee's will assert that Appellant did not controvert the allegations and facts in the motion. However, the record will show the motions were filed on June 7, 2010, the same date and only minutes prior to hearing for damages. Appellant has attempted to obtain prison mailroom logs to show that he recieved his copy on the same date, June 7, 2010, before the hearing with no access to law library. So to even consider such motion that was not timely filed pursuant to Rule 21 and Rule 329b of Tex.Civ.R.Proc.

In the defendant's motion, it does not explain why Appellee's waited 16 months to file an answer, where former defendant Richey filed an answer within the 20 days of service. The counsel at the time even states he did not become aware that Milligan, Gordy and Hoisington had been served until May 2010, 15 months later. However, assistant attorney general Julia Hamill Murray had knowledge that Appellee's been sued when she received process from Richey. It is reasonable for Murray to assume Milligan, Gordy and Hoisington elected to defend the claims themselves without assistance of attorney general's office. Thus, it is clear that the trial court abused its discretion for the Appellee's acted with conscious indifference.

Failing to file an answer intentionally or due to conscious indifference means "the defendants knew it was sued but did not care." IN RE R.R., 209 S.W.3d 112,115 (Tex. 2006). A defendant seeking to set aside a default judgment must not have known of the action

and just ignored it. IN RE S.K.A., 236 S.W.3d 875 (Tex.App.-Texarkana 2007). When defendant seeking to set aside default judgment has relied on his agent to file answer, he **must** demonstrate that **both he and his agent** were free of conscious indifference. HOLT ATHERTON INDUSTRIES, INC. v HEINE, 835 S.W.2d 80 (Tex. 1992)(emphasis added)

Yet, the Appellee's will continue to argue that Appellant had failed to comply with Tex.Civ.Prac. & Rem. Code § 39.002. However, as argued and presented in Issue No. 1, which controls: Rules of Civil Procedure or Civil Practice and Remedies Code? The authorities presented in Issue No. 1 are clear, the Legislature gave control and authority to the Supreme Court for rulemaking of **practice and procedure** in all civil actions.(emphasis added). Furthermore, those rules may not abridge(reduce or diminish), enlarge(expand), or modify(change) the substantive rights(a right that can be protected or enforced by law) of a litigant. Section 39.002 changed and diminished Appellant's substantive right to a default judgment by expanding the rights of Appellee's because they may, if they choice, to be represented by the attorney general.

Law imposes no duty on plaintiff to notify defendant before taking default judgment when he has been served properly with citation and petition, and nonetheless has failed to answer or otherwise appear. SELLS v DROTT, 259 S.W.3d 194,201 (Tex.App.-Tyler 2007); HELFMAN MOTORS INC., v STOCKMAN, 616 S.W. 394,397 (Tex.App.-Ft.Worth 1981); OLIVARES v CAUTHORN, 717 S.W.2d 431,434 (Tex.App.-San Antonio 1986) and many others from various court of appeals decisions.

At any time after defendant is required to answer, the plaintiff may take a default judgment if no answer is filed, provided that the citation with the officer's return thereon shall have been on

file with the clerk for ten days, exclusive of the day of filing and the day of judgment. CLEMENTS v BARNES, 822 S.W.2d 658,660 (Tex.App.-Corpus Christi 1991). No advance notice of a hearing is required for a no-answer default judgment. Id.

The Texas Civil Practice and Remedies Code does not designate the attorney general as an agent for service or process for public servants. Rather, it creates a state liability for certain specified conduct but also requires the state to have an opportunity to defend itself against such liability through service inthe lawsuit or by a request for representation from public servant. Tex.Civ.Prac. & Rem.Code §§ 104.001-104.005; MATTHEWS, 2014 Tex.App.Lexis 7903.

Since Milligan, Gordy, and Hoisington failed to request representation by attorney general, they implicated representation of other counsel of their choosing. Appellant did not need to serve notice to attorney general.

Therefore, the trial court abused its discretion in setting aside the default judgment for the Appelleees acted with conscious indifference to the lawsuit, warranting reversal of thrial court's action. Appellant further contends, that the suit against the Appellees in their individual capacity should not have been set aside, as they were not acting as public servant role warranting representation by attorney general.

ISSUE NO. 3 FOR REVIEW

WAS CHAPTER 14 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE UNLAWFULLY ENACTED?

TRIAL COURT FINDINGS:

Trial court did not make any finding on this issue.

STANDARD OF REVIEW:

Questions of law are reviewed de novo. See BROWN v VILLEGAS, 202 S.W.3d 803,805 (Tex.App.-San Antonio 2006).

ARGUMENT

Chapter 14 of the Texas Civil Practice and Remedies Code was enacted by ACTS 1995, of the 74th Legislature, Regular Session under House Bill 1343. However, this legislation was fast-tracked because of alleged crowed conditions of the calenders of both houses. Legislators deemed that the importance of the bill created an emergency and an imperative public necessity that constitutional rules were suspended and the legislation took effect immediately after passage and signed by the Govornor. See ACTS 1995, 74th Leg. Ch. 378 § 11 (eff. June 8, 1995)

Legislature's purpose for enacting Chapter 14 was to reduce the problem of constant, often duplicative inmate litigation. See BELL v TDCJ-ID, 962 S.W.2d 156 (Tex.App.-Houston [14th Dist] 1998); see also HICKSON v MOYA, 926 S.W.2d 397 (Tex.App.-Waco 1996)(statutory section governing inmate litigation was designed to control flood of frivolous lawsuits being filed in Texas Courts by prison inmates, consuming valuable judicial resources with little off-setting benefit.); SULLIVAN v OWENS, 2011 WL 2409311 (Tex.App.-Eastland 2011)(same); LEACHMAN v DRETKE, 261 S.W.3d 297 (Tex.App.-Ft.Worth 2008)(same).

The scope of Chapter 14 is stated as:

> "(a)this chapter applies only to a suit brought by an inmate in a district, county, justice of peace, or small claims court in which an affidavit or unsworn declaration of inability to pay cost is

· 16·

is filed by the inmate."

Sec. 14.002 (Vernons 2002)[1]

Courts have stated that various components of Chapter 14 are neutral procedural requirements, THOMAS v WICHITA GENERAL HOP., 952 S.W.2d 936 (Tex.App.-Ft.Worth 1997), or special procedural rules. GARRETT v WILLIAMS, 250 S.W.3d 154 (Tex.App.-Ft.Worth 2008). The legislative intent behind the statute governing procedural requirements for civil lawsuits filed by inmates is to improve judicial efficiency with tailored, nonpunitive procedural rules applied to all inmate suits in which an affidavit of indigence is filed. GROSS v CARROLL, 339 S.W.3d 718 (Tex.App.-Houston [1st Dist] 2011)(emphasis added).

Chapter 14 is designed to assist the court in making determination that the legislature has called upon it to make; thus it is an essential part of the process which courts review inmate litigation. See HICKSON, 926 S.W.2d at 399. The Legislature by enacting Chapter 14 was to govern the practice and procedure that the courts use when the plaintiff is an incarcerated person. Yet these "special procedural rules" enacted by Legislature was not within their authority - as the Legislature gave that authority up in 1939 and never restored that authority.

Appellant has presented in Issue No.1 the supporting arguments that show that the Legislature gave up its rulemaking authority to the SUpreme Court for all practice and procedure in all civil actions. See Tex. Gov't. Code § 22.004(a) and (c); BAR ASS'N OF DALLAS, 175 S.W.2d 108; GARRETT, 168 S.W.2d 636; MO. PAC. R.R. CO., 501 S.W.2d at 872.

The argument that such case cites are out-dated, regardless of the year of decision, if it is still controlling it is still precedent. See:REED v BUCK, 370 S.W.2d 867,870-71 (Tex. 1963); PERAZA v STATE, 2014 TEX.APP.Lexis 13915 (Tex.App.-Houston [1st Dist] 2014.

FN 1: Section 14.002 was amended in 2012, to include appellate courts, Supreme Court or Court of Criminal Appeals.

However, the Legislature in order to immediately enact Chapter 14 created an alleged issues of inmate litigation that was a "so-called" emergency and an alleged imperative public necessity, to bypass procedural and constitutional rules. Yet, prior to Chapter 14, the courts had in place Rules that allowed them to dismiss a civil action that is frivolous or malicious. See Tex.Civ.Prac. &Rem. Code §13.001 (prior to 1995); BIRDO v SCHWARTZER, 883 S.W.2d 386 (Tex.App.-Waco 1994); SMITH v STEVENS, 822 S.W.2d 152 (Tex.App.-Houston [1st Dist] 1991).

What Legislature did by enacting Chapter 14 was to make it more difficult for prisoners to file civil actions. Chapter 14 places additional steps for prisoners that a plaintiff onthe outside does not have to comply with, but their actions is just as frivolous. Further, they can also file under indigence. Chapter 14 violates Equal Prtotection Clause and discriminates against prisoners. Why, because the Courts were handling such issues of prisoner litigation just fine, there were practices, procedures and rules in place for the Courts to determine such alleged problems the Legislature created. There are just as many frivolous and malicious lawsuits being filed by "free-world" people as prisoners.

The Legislature seemed to forget that this Country's government was created on the basis of checks & balances. Prison inmates have no recourse to challenge prison regulations or actions by prison officials other than challenge it in courts. Yes, there is administrative remedies through a so-called greivance process, but thats akin to a kangaroo court on a sports team, which the kangaroo court is more effective than prison grievance process. See SUNSET ADVISORY COMMISSION FINAL REPORT, pg. 13 (July 2013).

Since the Legislature never reacquired the rulemaking authority for practice and procedure in civil actions that it gave up in 1939, the enactment of Chapter 14 is unlawful, as only the Supreme Court of Texas has that authority. As a Court of Appeals, it must observe and follow the rules and has no authority to deviate from them, the Rules of the only auhtority to create and enact practice and procedural actions, the Supreme Court of Texas is that auhtority.

Therefore, Appellant contends the Court of Appeals must find that Chapter 14 was unlawfully enacted requiring reversal and remand of this matter, for the Legislature lacked the authority to enact such statutes contained in Chapter 14.

DID THE TRIAL COURT ABUSE ITS DISCRETION IN DISMISSING SUIT UNDER CHAPTER 14 AFTER 5½ YEARS, A DEFAULT JUDGMENT AND VARIOS PLEADINGS?

TRIAL COURT RULING:

The trial court dismissed the suit, finding that Morris failed to file an affidavit or unsworn declaration relating to previous filings under Chapter 14, Section 14.004.

STANDARD OF REVIEW

The Court of Appeals reviews the dismissing of a case for abuse of discretion. HICKSON v MOYA, 926 S.W.2d 397 (Tex.App.-Waco 1996). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or, alternatively, whether the trial court's actions were arbitrary or unreasonable based on the circumstances of the individual case. DOWNER v AOUAMARINE OPERATORS, INC., 701 S.W.2d 238,241-42 (Tex. 1985).

ARGUMENT

The Texas Civil Practice and Remedies Code, Section 14.004 states:

> "(a)An inmate who files an affidavit or unsworn declaration of inability to pay cost shall file a separate affidavit or declaration:
> (1)identifying each action, other than an action under the Family Code, previous brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought; and
> (2)describing each action tha was brought by:
> (A)stating the operative facts for which relief was sought;
> (B)listing the case name, cause number, and the court in which the action was brought;
> (C)identifying each party named in the action; and
> (D)stating the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

(Vernons 2012)

The purpose of Section 14.004 is to assist the trial court in determining whether a suit is malicious or frivolous under § 14.003.

HICKSON, 926 S.W.2d at 399. In BELL v TDCJ-ID, 962, S.W.2d 156 (Tex.App.-Houston [14th Dist] 1998), the court found the purpose of section 14.004 was to prevent constant, duplicative, and frivolous inmate litigation. Id at 158; NABELEK v GARRETT, 94 S.W.3d 648,649 (Tex.App.-Houston [14th Dist] 2002).

Section 14.004 merely imposes a neutral procedural requirement on pro se inmates who file a civil claim in state court to enable the trial court to discern whether the case is frivolous and the work of a nuisance litigation. The statute does not mandate that the court dismiss an inmate's claim if the affidavit or unsworn declaration is not filed, nor does it authorize a court to refuse to consider merits of a valid claim. THOMAS v WICHITA GENERAL HOSP., 952 S.W.2d 936 (Tex. App.-Ft.Worth 1997); see also THOMPSON v SILVAS, 2003 WL 22254950 (Tex. App.-Houston [1st Dist] 2003).

The trial court in its Order of Dismissal stated the reason for dismissal was failure to file an affidavit or unsworn declaration pursuant to Chapter 14 relating to previous filings. However, the Clerk's Records show such a Declaration was filed with the original suit. (CR 11). The Declaration provides all the necessary information required in Section 14.004.

The court was sufficiently able to determine that the suit was not substantially similiar to one previously filed. c.f. BELL, 962 S.W.2d at 158; WHITE v STATE, 37 S.W.3d 562-563-64 (Tex.App.-Beaumont 2001).

Notwithstanding, the trial courts determination, Appellant contends that such determination by the trial court after 5½ years of litigation that included a Default Judgment, setting aside default judgment, motion to compel discovery and other various pleadings was an abuse of its discretion. Even the Appellees filed a motion to

dismiss citing failure to exhaust administrative remedies, however like most all of the pleadings filed, the trial court failed to rule upon them in a timely manner. To this fact, the Appellant had filed several writ of mandamus's to compel trial court action, the last one to set a pre-trial hearing on all the unruled upon motions and pleadings.

The statute only provides "a court may dismiss a claim, either before or after service of process..." See Tex.Civ.PRAC & REM. Code § 14.003(a). However, the statute does not provide a length of time after service for determination. Appellant, though, finds it hard to believe, Legislature intended for a trial court to wait 5½ years after service of process, not to mention the entry of default judgment against the Appellees by the same trial court, to dismiss a case. That reasoning is contrary to the Legislature's intent of enacting Chapter 14. See SULLIVAN v OWENS, 2011 WL 2409311 (Tex.App.-Eastland 2011)(The Legislature enacted Civil Practice & Remedies Code sections governing prison inmate litigation to control the flood of frivolous lawsuits being filed in state courts by prison inmates, as these suits consume many valuable judicial resources with little offsetting benefits); LEACHMAN v DRETKE, 261 S.W.3d 297 (Tex.App.-Ft.Worth 2008) (same).

Furthermore, the Legislature enacted Section 14.012, for the trial courts to use should there be any issues. It could very easily asked inmate for more details regarding any affidavit or declaration before making a determination. It is interesting that the Federal Courts, if they have questions, will send inmates a questionaire before determining whether to dismiss or not. It is clear, Legislature intended state trial courts to develop similiar procedure, to ensure justice.

The Appellant filed an unsworn declaration that met the require-

·22·

ments of Section 14.004. The Court could determine that the parties of the only previous suit were different and the facts are not similiar. While the Appellate Courts have allowed trial courts entitlement to assume facts, it should also encourage common sense when making decisions, as courts do not allow litigants or jurors to assume facts when they decide or present evidence for determination. The declaration filed by Appellant clearly shows there are no similiar facts nor parties of the previously filed suit compared to the instant case.

Appellant contends the trial court's dismissal under the failure to file an affidavit or unsworn declaration pursuant to Section 14.004 was improper, thus an abuse of its discretion warranting reversal of dismissal and remand back to trial court for further proceedings towards a trial on merits or settlement if possible.

PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellant Robert C. Morris, prays this Honorable Court finds merit in issues presented and Orders this matter reversed and remanded to the trial court for further proceedings, in the interest of justice.

Respectfully Submitted,

Robert C. Morris
Appellant Pro Se
TDCJ-ID # 1311083
Smith Unit
1313 CR 19
Lamesa, Texas    79331

## CERTIFICATE OF SERVICE

I, Robert C. Morris, declare under penalty of perjury, that the foregoing is true and correct, and further, certify that a true and correct copy has been served upon Appellee's through counsel Patrick Brezik, Asst. Attorney General, PO Box 12548, Austin, Texas 78711-2548, by placing in the Smith Unit/TDCJ Prison Mail System on this the 15th day of April, 2015.

Robert C. Morris
TDCJ-ID # 1311083
DOB : 11/01/1971

·24·

## CERTIFICATE OF COMPLIANCE

I, Robert C. Morris, declare under penalty of perjury, that the foregoing Appellant's Pro Se Appeal Brief meets the requirements of page length pursuant to Rule 9.4(i)(B) of the Texas Rules of Appellate Procedure.

This brief is 25 pages, double-spaced typewritten with 10 CPI spacing in 10 pt. Courier typeface.

Signed and Executed on this the 15th day of April, 2015.

Robert C. Morris
TDCJ-ID # 1311083
Smith Unit, Dawson County

IN THE

TWELFTH COURT OF APPEALS

TYLER, TEXAS


NO. 12-14-00332-CV


ROBERT C. MORRIS

APPELLANT


VS.


SHERRI MILLIGAN, ET AL.

APPELLEES


ON APPEAL FROM THE 349TH JUDICIAL DISTRICT COURT OF
ANDERSON COUNTY, TEXAS, TRIAL CAUSE NO. 349-6270


APPENDIX


ROBERT C. MORRIS
TDCJ-ID # 1311083
SMITH UNIT
1313 CR 19
LAMESA, TEXAS   79331

# TABLE OF CONTENTS

RETURNED SERVICE PROCESS ON SHERRI MILLIGAN..... 1

RETURNEED SERVICE PROCESS ON BRYAN GORDY........ 3

RETURNED SERVICE PROCESS ON CHRISTY HOISINGTON.. 5

RETURN SERVICE PROCESS ON LINDA RICHEY.......... 7

APPENDIX NO. 1


RETURN SERVICE PROCESS
ON SHERRI MILLIGAN

THE STATE OF TEXAS

TO SHERRI MILLIGAN
   BETO UNIT OF TDCJ-ID
   TENNESSEE COLONY, TEXAS

Defendant, in the hereinafter styled and numbered cause:

YOU ARE HEREBY COMMANDED to appear before the 349TH Judicial District Court of Anderson County, Texas, the courthouse being located at 500 North Church Street in the CITY OF PALESTINE, ANDERSON COUNTY, TEXAS, by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION OF CIVIL COMPLAINT at or before 10:00 o'clock a.m. on the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation in Cause Numbered 6270, styled

ROBERT C. MORRIS   , PLAINTIFF,
vs.
SHERRI MILLIGAN, et al   , DEFENDANT,

filed in said court on the 29th day of January, 2009.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this Citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgement may be taken against you.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at office, this the 6th day of February, 2009.

JANICE STAPLES

District Clerk of ANDERSON COUNTY, TEXAS

BY _____ Deputy
500 NORTH CHURCH ST
PALESTINE, TEXAS, 75801

ISSUED AT REQUEST OF:

ROBERT C. MORRIS #1311083
P.O. BOX 128
TENNESSEE COLONY, TX 75880

BAR NO.

## OFFICER/AUTHORIZED PERSON RETURN

CAME to hand on the __6__ day of _FEB_ , _2009_ , at _422_

o'clock _P_ .M.

EXECUTED at _TDCJ BETO_

within the County of _ANDERSON_ at _8 27_ o'clock _A_ .M.

ON THE _18_ day of _FEB_ _2009_ , by delivering to the within named

_SHERRI MILLIGAN_ , in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

NOT EXECUTED, the diligence used to execute being _____

_____ , for the following reason _____ ,

_____ , THE Defendant may be found _____ .


Fees for serving this citation . . . . . . . . _85 00_


TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.

_GREG TAYLOR_ SHERIFF

~~CONSTA~~BLE

_ANDERSON_ County, Texas

BY _Keith Simcox_ Deputy.

_____ AUTHORIZED PERSON

AFFIANT

On this day, _____ known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this the _____ day of

_____ , _____ .


_____
NOTARY PUBLIC

APPENDIX NO. 2


RETURN SERVICE PROCESS
ON BRYAN GORDY

*3.28*

THE STATE OF TEXAS

TO BRYAN GORDY, ASSISTANT WARDEN
    BETO UNIT OF TDCJ-ID
    TENNESSEE COLONY, TX

Defendant, in the hereinafter styled and numbered cause:

YOU ARE HEREBY COMMANDED to appear before the 349TH Judicial District Court of Anderson County, Texas, the courthouse being located at 500 North Church Street in the CITY OF PALESTINE, ANDERSON COUNTY, TEXAS, by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION OF CIVIL COMPLAINT at or before 10:00 o'clock a.m. on the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation in Cause Numbered 6270, styled

ROBERT C. MORRIS   , PLAINTIFF,
vs.
SHERRI MILLIGAN, et al   , DEFENDANT,

filed in said court on the 29th day of January, 2009.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this Citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgement may be taken against you.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at office, this the 6th day of February, 2009.

JANICE STAPLES

District Clerk of ANDERSON COUNTY, TEXAS

BY _____ Deputy
500 NORTH CHURCH ST
PALESTINE, TEXAS, 75801

ISSUED AT REQUEST OF:

ROBERT C. MORRIS #1311083
P.O. BOX 128
TENNESSEE COLONY, TX   75880

BAR NO.

## OFFICER/AUTHORIZED PERSON RETURN

CAME to hand on the ___6___ day of ___FEB___, _2009_, at ___422___

o'clock ___P___.M.

EXECUTED at ___TDCJ  BETO_____

within the County of ___ANDERSON_____ at ___828___ o'clock ___A___.M.

ON THE ___18___ day of ___FEB___ _2009_, by delivering to the within named

___BRYAN  GORDY_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

NOT EXECUTED, the diligence used to execute being _____

_____, for the following reason _____,

_____, THE Defendant may be found _____.


Fees for serving this citation . . . . . . . . . ___85⁰⁰___


TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.

___GREG  TAYLOR_____SHERIFF
                                                    ~~CONSTABLE~~
___ANDERSON_____County, Texas

BY___Keith Sessions_____Deputy.

_____AUTHORIZED PERSON

### AFFIANT

On this day, _____ known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this the _____ day of

_____, _____.


_____
NOTARY PUBLIC

APPENDIX NO. 3


RETURN SERVICE PROCESS
ON CHRISTY HOISINGTON

*8 2 2*

# CITATION - PERSONAL SERVICE

# RETURN

THE STATE OF TEXAS

TO CHRISTY HOISINGTON, UNIT GREIVANCE INVESTIGATOR
   BETO UNIT OF TDCJ-ID
   TENNESSEE COLONY, TEXAS

Defendant, in the hereinafter styled and numbered cause:

YOU ARE HEREBY COMMANDED to appear before the 349TH Judicial District Court of Anderson County, Texas, the courthouse being located at 500 North Church Street in the CITY OF PALESTINE, ANDERSON COUNTY, TEXAS, by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION OF CIVIL COMPLAINT at or before 10:00 o'clock a.m. on the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation in Cause Numbered 6270, styled

ROBERT C. MORRIS , PLAINTIFF,
vs.
SHERRI MILLIGAN, et al , DEFENDANT,

filed in said court on the 29th day of January, 2009.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this Citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgement may be taken against you.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at office, this the 6th day of February, 2009.

JANICE STAPLES

District Clerk of ANDERSON COUNTY, TEXAS

BY _____ Deputy
500 NORTH CHURCH ST
PALESTINE, TEXAS, 75801

ISSUED AT REQUEST OF:

ROBERT C. MORRIS #1311083
P.O. BOX 128
TENNESSEE COLONY, TX 75880

BAR NO.

## OFFICER/AUTHORIZED PERSON RETURN

CAME to hand on the _6_ day of _FEB_, _2009_, at _4/23_ o'clock _P_.M.

EXECUTED at _TDCJ BETO_

within the County of _ANDERSON_ at _822-_ o'clock _A_.M.

ON THE _18_ day of _FEB_ _2009_, by delivering to the within named

_CHRISTY HOISINGTON_, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

NOT EXECUTED, the diligence used to execute being _____

_____, for the following reason _____,

_____, THE Defendant may be found _____.

Fees for serving this citation . . . . . . . . _85ºº_

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.

_GREG TAYLOR_ SHERIFF

~~CONSTABLE~~

_ANDERSON_ County, Texas

BY _Keith Simon_ Deputy.

_____ AUTHORIZED PERSON

AFFIANT

On this day, _____ known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this the _____ day of

_____, _____.

_____
NOTARY PUBLIC

APPENDIX NO. 4


RETURN SERVICE PROCESS
ON LINDA RICHEY

**CITATION - PERSONAL SERVICE**                                     **RETURN**

THE STATE OF TEXAS

TO LINDA RICHEY
   901 NORMAL PARK, SUITE 101
   HUNTSVILLE, TX  77320

FOR RECORD

'09 MAY -4 AM 10: 18

JANICE STAPLES
DISTRICT CLERK
ANDERSON COUNTY, TX

Defendant, in the hereinafter styled and numbered cause:

    YOU ARE HEREBY COMMANDED to appear before the 349TH Judicial District Court of Anderson County, Texas, the courthouse being located at 500 North Church Street in the CITY OF PALESTINE, ANDERSON COUNTY, TEXAS, by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION OF CIVIL COMPLAINT at or before 10:00 o'clock a.m. on the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation in Cause Numbered 6270, styled

ROBERT C. MORRIS  , PLAINTIFF,
vs.
SHERRI MILLIGAN, et al  , DEFENDANT,

filed in said court on the 29th day of January, 2009.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this Citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgement may be taken against you.

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at office, this the 30th day of March, 2009.

                JANICE STAPLES
                District Clerk of ANDERSON COUNTY, TEXAS
                BY                                  Deputy
                500 NORTH CHURCH ST
ISSUED AT REQUEST OF:     PALESTINE, TEXAS, 75801

ROBERT C. MORRIS
#1311083 - MICHAEL UNIT, P.O. BOX 128
TENNESSEE COLONY, TX  75880

BAR NO.

34001

OFFICER/AUTHORIZED PERSON RETURN

CAME to hand on the ___13___ day of ___April___, ___09___, at ___1:00___

o'clock _p_.M.

EXECUTED at ___901 Normal Park___

within the County of ___Walker___ at ___245___ o'clock _P_.M.

ON THE ___27___ day of ___April___ ___09___, by delivering to the within named

___Linda Richey___, in person, a true copy of this
citation together with the accompanying copy of the petition, having
first attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

NOT EXECUTED, the diligence used to execute being _____

_____, for the following reason _____,

_____, THE Defendant may be found _____.


Fees for serving this citation . . . . . . . . .___100.00___


TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY,

_____John Hook_____ SHERIFF
                                                    CONSTABLE
_____Walker_____ County, Texas

BY_____Deputy.

_____AUTHORIZED PERSON

AFFIANT

On this day, _____ known to me to be the
person whose signature appears on the foregoing return, personally
appeared. After being by me duly sworn, he/she stated that this
citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME on this the _____ day of

_____, _____.


_____
NOTARY PUBLIC